# HARRIS & HARRIS

## V.

# ROLLINS C. TABLER AND LINDA M. TABLER

Record No. 831319

September 5, 1986

Present: All the Justices

*Donald R. Skinker* for appellant.
*Harold H. Dutton, Jr.* for appellees.

COMPTON, J., delivered the opinion of the Court.

Code § 8.3-108, a part of the Uniform Commercial Code, provides that "instruments payable on demand include those payable at sight or on presentation and those in which no time for payment is stated." In this appeal, we decide whether an instrument stating no time for payment is a demand note or whether it is facially ambiguous with respect to time for payment, thereby requiring the consideration of parol evidence to ascertain its maturity date.

On August 22, 1977, as part of a real estate closing, appellees Rollins and Linda Tabler executed a Note with Power of Attorney to Confess Judgment for $3,795.54, payable to the order of Freeman Enterprises, Inc. The Tablers were the buyers and Freeman Enterprises was the seller of residential property located in Spotsylvania County. William H. Harris, of appellant Harris & Harris, a law partnership, was the closing attorney and prepared the note in question.

The promissory portion of the note provided:

"NOTE WITH POWER OF ATTORNEY
TO CONFESS JUDGMENT

$3,795.54                    Fredericksburg, Virginia
                             August 22, 1977

Rollins C. Tabler and Linda M. Tabler, Makers, for value received promise to pay to the order of Freeman Enterprises, Inc., hereinafter Noteholder, Three Thousand Seven Hundred Ninety-Five and 54/100 Dollars ($3,795.54) with interest thereon at a rate of eight per cent (8%) per annum after maturity. Interest payable at maturity. Balance payable in one installment of Three Thousand Seven Hundred Ninety-

Five and 54/100 Dollars principal, plus interest at 8% on the unpaid balance beginning September 22, 1977 and every year thereafter, until paid.

Upon the happening of any of the following events, the noteholder may, at its option, forthwith accelerate maturity and the unpaid balance hereof shall thereupon immediately become due and payable without demand or notice; (1) Default occurs in the payment or performance of any obligation of any of the parties to this note to the noteholder hereof; (2) Upon the dissolution or insolvency, or attachment or garnishment of the Bank account, of any part hereto, or upon general assignment by any party hereto for the benefit of creditors, or upon application for the appointment of a receiver for any party hereto, or upon the filing of a petition in Bankruptcy by or against any party hereto.

All of the parties to this note hereby waive presentment, demand, protest and notice of dishonor and protest, and hereby agree that extension or extensions of the time of payment of this note or of any part thereof may be made before at, or after maturity by agreement with any one or more of the parties hereto without notice to and without releasing the liability of any other party to this note, and they do likewise waive the benefit of all homestead exemptions as to this debt and any right which they may have to require the Escrow Agent to proceed against any person, and agree to pay all expenses incurred in collecting the same, including a 20% attorney's fee in case this note shall not be paid at maturity or when declared due and payable as provided herein. All of the parties to this note also consent that any or all of the collateral may be exchanged or surrendered or its payment extended at any time and from time to time without notice to the parties. This note shall be construed according to, and governed by, the laws of the Commonwealth of Virginia.

All payments to be made at 115 Mosby Street, Fredericksburg, Virginia, or at any other place designated by the noteholder.

Maker shall have right of anticipation without any prepayment penalty."

In 1980, the note was assigned by Freeman Enterprises to Harris & Harris as partial payment of legal fees. Subsequently, Har-

ris made several attempts to collect payment from the Tablers. When his efforts at collection proved unsuccessful, Harris confessed judgment on the note on behalf of the Tablers on September 30, 1982.

Subsequently, the Tablers, pursuant to Code § 8.01-433, moved to set aside the judgment. They asserted that the confession procedure employed by Harris did not comply with the statutory scheme and, further, that the note was a demand note and that recovery was barred by the applicable statute of limitations.

The trial court considered evidence ore tenus and the parties submitted memoranda on the issues. Much of the evidence consisted of conflicting testimony over what the parties had intended at the closing concerning the maturity date of the note. Testimony in favor of Harris & Harris indicated the parties intended the note to mature and become payable five years from the day of its execution, on August 22, 1982. The Tablers, however, insisted they would not have signed the note had it contained a due date. They testified the note was to become due only when they sold the property or when they could afford to pay the note.

The trial court vacated the confessed judgment and entered judgment in favor of the Tablers on the claim based on the note. As pertinent to this appeal, the court ruled that the note was unambiguous, that it was a demand note under § 8.3-108 as a matter of law, and that parol evidence would not be considered to ascertain a future maturity date. Implicitly, the trial court found that recovery on the note was barred by the applicable statute of limitations. We awarded Harris & Harris an appeal from the May 1983 final judgment.

On the issue of ambiguity, Harris & Harris acknowledges that the note contains no specific due date but points to several provisions it believes indicate "a maturity date at some point in the future." It argues that the second paragraph, dealing with acceleration of maturity, and the final paragraph, dealing with a right of anticipation, demonstrate that a future due date was contemplated. Harris & Harris says that if a demand note was intended, there would be no need for such provisions. It contends the note is ambiguous with respect to the exact time of maturity, and the trial court erred in not considering the testimony offered to establish the date. We disagree.

Section 8.3-108 is clear and unequivocal in providing that demand instruments include "those in which no time for payment

is stated." Because no due date was stated in the note in question, it necessarily was a demand note. *Schekter v. Michael*, 184 So.2d 641 (Fla. 1966). Because the instrument was a demand note, it became payable at once. *McComb v. McComb*, 226 Va. 271, 282, 307 S.E.2d 877, 883 (1983); *Bacon v. Bacon*, 94 Va. 686, 687, 27 S.E. 576, 577 (1897). In other words, the note "matured" on the day of its execution. *See Guth v. Hamlet Associates*, 230 Va. 64, 72, 334 S.E.2d 558, 563-64 (1985).

Section 8.3-122(1)(b) provides that a cause of action against a maker accrues "in the case of a demand instrument upon its date or, if no date is stated, on the date of issue." Thus, the applicable five-year limitation period, pursuant to § 8.01-246(2), began to run on August 22, 1977. Harris had until August 22, 1982, to make "demand" for payment and, if none was forthcoming, to confess judgment pursuant to the terms of the note and the statutory procedure. Consequently, an effort to confess judgment on September 30, 1982 was untimely.

Accordingly, we hold the trial court correctly ruled that the note was payable on demand by virtue of the provisions of Code § 8.3-108 and properly refused to consider the conflicting parol evidence to establish a time of maturity. The judgment appealed from in favor of the Tablers will be

*Affirmed.*