**DOMINION BANK, N.A., Plaintiff,**

v.

**Robert W. MOORE, Executor, et al., Defendants.**

**Civ. A. No. 88–0067–R.**

United States District Court,
W.D. Virginia,
Roanoke Division.

July 22, 1988.

---

Douglas W. Densmore, Terri Faye Dial, Woods, Rogers & Hazlegrove, Roanoke, Va., for plaintiff.

H.F. Salsberry, Jr., Hunt & Wilson, Charleston, W.Va., for defendants.

## OPINION

TURK, Chief Judge.

This case is before the court on plaintiff's motion for summary judgment. After reviewing the record and considering the parties' oral argument, the court finds no material facts to be in dispute. Thus, plaintiff's motion is granted.

The core of this dispute is judgment on a note from the makers and guarantor. The parties do not dispute that defendants, John Wilkinson and Haskell Savage, borrowed $2,500,000.00 from the plaintiff, First National Exchange Bank of Virginia, now Dominion Bank, National Association ("Dominion") on January 23, 1981. Wilkinson and Savage executed a promissory note to evidence this loan and the note was guaranteed by defendant, W & H Contracting Co., Inc., pursuant to a loan and note agreement. Wilkinson, Savage and defendant, Matawa Mining & Development Co., Inc. ("Matawa"), executed a stock pledge agreement pursuant to which Wilkinson and Savage used the loan proceeds to acquire the stock of Matawa as security for the loan. Matawa also executed a deed of trust on certain real property to secure the loan.

Over the next several years, defendants paid Dominion a portion of the owed principal and interest, however, rarely in accordance with the loan terms. Because of delinquent payment history, the loan terms were modified on three separate occasions. Defendants do not dispute that in each instance, the modification was in writing, contained integration clauses and defendants were represented by counsel. Because each modification occurred after defendants were already behind in their payments, the modifications were supported by consideration in that any delinquencies were cured. Review of each modification is unnecessary. However, the parties agree that the third modification resulted in the term note being changed to a demand note.

Dominion contends, and defendants do not dispute that the last interest payment was received in October, 1986. During the remainder of 1986 and throughout 1987, negotiations proceeded between the parties over a proposed lease of mining property between defendant, Matawa and Madison Limited Partnership. However, no lease agreement was finalized. On December 9, 1987, Dominion demanded payment on the note. Defendants failed to comply with the demand. As a result, Dominion filed its complaint on February 12, 1988. Shortly thereafter, Matawa filed for bankruptcy

protection, and this court dismissed Matawa as a defendant in this action. The remaining defendants filed an answer and a counterclaim. This court severed the counterclaim. Thus, this case is limited to an action on a promissory note and any applicable defenses.

From defendants' oral and written argument, the court has abstracted three principal objections to Dominion's motion for summary judgment. First, defendants allege that various factual questions have yet to be discovered. Second, defendants contend that Dominion's calling of the demand note in contradiction of alleged oral agreements evidenced a larger pattern of bad faith and misconduct on the part of Dominion. And third, defendants argue that Dominion wrongfully withheld consent of proposed leases of defendants' property.

As to the factual questions which defendants assert exist, the court acknowledges that the discovery process is still in its initial stages as to all possible issues concerning the parties' relationship. However, the court notes that the factual questions defendants believe material go to the severed counterclaim and not the present action on the note. Thus, although some facts may be disputed or as of yet undiscovered, the material facts concerning the note are in the record and undisputed. Thus, the factual "questions" raised by defendants fail to defeat a proper motion for summary judgment in that no genuine issue of fact material to this action has been raised. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed. 2d 202 (1986).

As to Dominion's calling of the demand note, defendants do not dispute that on February 28, 1986, the parties agreed to convert the term note to a demand note with quarterly interest payments. By its nature a demand note may be called at any time, for any reason. *See* Va. Code Ann. § 8.1–208 (1965) (Official Comment). Defendants contend Dominion's calling of the note was just one part of a pattern of misconduct. This pattern of misconduct allegedly began in the fall of 1984 with Dominion's demand of additional collateral

from the defendants. Defendants "reluctantly" met this demand through the sale of a trailer park and mining equipment. The conversion to a demand note, defendants contend, was at Dominion's insistence. Defendants agreed only because of alleged oral agreements not to call the loan for several years.

■ The facts of the chain of events are not in dispute, save for the alleged oral agreements. The court finds that any such oral agreements fail to defeat the summary judgment motion because they are barred by the parol evidence rule. Parol evidence may be admitted to explain an ambiguity in a document. *1616 Reminc Ltd. Partnership v. Commonwealth Land Title Ins., Co.,* 778 F.2d 183, 187 (4th Cir.1985). However, parol evidence is generally not admitted to vary the terms of a written instrument. *Cohan v. Thurston,* 223 Va. 523, 292 S.E.2d 45, 46 (1982). The parol evidence rule is a rule of substantive law, and applies to demand instruments. *Harris & Harris v. Tabler,* 232 Va. 75, 348 S.E.2d 241 (1986). *Whitt v. Godwin,* 205 Va. 797, 139 S.E.2d 841 (1965).

The original promissory note and all subsequent modifications in the instant case clearly state that the written documents are the "final, complete and entire agreement" between the parties. Any oral agreements not to call a demand note for a certain timeframe or until a specified event contradict the very nature of a demand instrument. *See* Va. Code Ann. § 8.3–108 (1988). Thus, in this action on the promissory note, the loan terms are controlled by the written instruments, executed by both parties.

■ The court finds as a matter of law that Dominion's request for additional collateral after two previous modifications and a history of delinquent payments and Dominion's calling of the demand note do not constitute bad faith or misconduct on the part of Dominion.

■ As to the proposed leases, defendants' argument appears to be that Dominion wrongfully withheld its consent to the leases and this culminated the alleged pat-

tern of misconduct. Defendants are correct in pointing out that the parties disagree as to whether Dominion's consent to such a lease of mining property was necessary. However, the court finds this factual dispute immaterial in that all the lease proposals occurred after the note had been converted to a demand instrument. Thus, payment hinged only upon the presentment of a demand by Dominion, not on Dominion's consent to a lease.

Defendants baldly assert "if the bank had given its blessing to this lease, the defendants would have had the necessary income to meet the obligations which are the subject of this suit...." *Defendants' Response to the Plaintiff's Reply Brief in Support of Its Motion for Summary Judgment,* p. 11. The court is skeptical of such an averment which is both ingenuous in light of the state of the coal industry and an attempt to depict defendants as victims of Dominion's ill-will when in reality, Dominion exercised great flexibility in accomodating defendants' needs. The court also notes defendants difficulty in arguing Dominion's lack of consent was the only bar to leasing the property. Defendant admits that in December, 1986, such a lease was signed without Dominion's approval. The lease fell through because of a lack of funding, not because of lack of consent.

In sum, for the reasons stated above, the court finds no material facts are in dispute concerning the relevant action on a promissory note. As a matter of law, Dominion's dealings with the defendants do not support defendants' defense of bad faith or misconduct. Thus, Dominion's motion for summary judgment is granted.

### ORDER

For the reasons stated in the Memorandum Opinion this day filed, plaintiff's motion for summary judgment as to liability on the note is GRANTED as to the defendants Wilkinson's Estate, Savage and W & H Contracting Co., Inc.

Plaintiff has filed an affidavit in this court stating that the amount due on the note and loan agreement is $2,321.648.22 as of July 20, 1988. Defendants have twenty days to respond to this statement.