## CIRCUIT COURT OF STAFFORD COUNTY

Dominion Bank
of Richmond, N.A.

v.

Star Five
Associates, Inc., et al.

June 19, 1991

Case No. (Law) 719-90

By JUDGE JAMES W. HALEY, JR.

The principle issue here for resolution is the validity of a demurrer invoking the parol evidence rule to pleadings which allege facts in support of theories as exceptions to that rule.

I. Defendants Star Five Partnership and its partners (collectively "Star Five") on March 29, 1990, executed a renewal commercial credit promissory note ("March note") in the amount of $350,000.00 payable to Dominion Bank of Richmond, National Association ("Bank") due June 29, 1990, and secured by a:

> First deed of trust 83.9 acres, zoned A-1, off Route 690, Stafford County, Virginia, in the amount of $350,000.00 dated September 29, 1989, and Note Modification Agreement dated March 29, 1990.

The March note was a renewal at maturity of a note of the same amount executed between the same parties on September 29, 1989 ("September note").

Star Five did not pay the March note on June 29, 1990, and on October 24, 1990, Bank filed suit on the same for the principle of $350,000.00, accrued interest of $13,500.00, and $87,500.00 attorney's fees.

In an Amended Counterclaim, Star Five has alleged in summary:

(1) that the parties enjoyed a historical commercial relationship that included oral agreements as a course of dealing between the parties,

(2) that the funds represented by the September note, and its renewal by the March note, were advanced for the acquisition and engineering of the 83.9 acres,

(3) that the 83.9 acres were acquired and became Sycamore Ridge Subdivision,

(4) that prior to the execution of the September note and acquisition of the property, it was orally agreed and commercially understood by the parties, and upon which Star Five reasonably relied, that Bank would renew the March note on June 29, 1990, and would likewise lend an additional $250,000.00 for the physical development of the property and that this agreement was additional to the terms of the March note and the September note.

(5) that in failing to renew and advance further funds, Bank breached its agreement, that oral evidence of the same is admissible under the "Partial Integration Doctrine" (Count I), and under the "Collateral Contract Doctrine" (Count II),

(6) that Bank breached its contractual duty of good faith and fair dealing (Count VII), and

(7) that Bank's actions constitute a tort (Count VIII).

To these Counts Bank has demurred.[1]

II. Under familiar principles, the function of a demurrer is to test whether a cause of action states a

---

[1] Bank also demurred to Count VI, which alleged the breach of a fiduciary relationship between the parties, and Star Five has conceded, properly, that the demurrer should be sustained as to this Count.

claim upon which relief can be granted. *Grossman v. Saunders*, 237 Va. 113, 119, 376 S.E.2d 66, 69 (1989), *Lentz v. Morris*, 236 Va. 78, 80, 372 S.E.2d 608, 609 (1988). A demurrer admits as true all facts expressly alleged and facts reasonably inferred from the facts alleged. *Ely v. Whitlock*, 238 Va. 670, 385 S.E.2d 895 (1989); *Ryland Group, Inc. v. Wills*, 229 Va. 459, 331 S.E.2d 399 (1985); *Marshall v. Bird*, 230 Va. 89, 334 S.E.2d 573 (1985); *Bowman v. State Bank of Keysville*, 229 Va. 534, 331 S.E.2d 797 (1985); *Ames v. American National Bank*, 163 Va. 1, 37, 176 S.E. 204, 215 (1934); § 8.01-273.

The parol evidence rule states that:

> Parol evidence of prior or contemporaneous oral negotiations or stipulations is inadmissible to alter, vary, contradict, add to, or explain the terms of a complete, unambiguous, unconditional, written instrument.

Charles E. Friend, *The Law of Evidence in Virginia*, sect. 288, p. 730, N.1 (3rd Ed. 1988).

In *Renner Plumbing, Heating & Air Con. v. Renner*, 225 Va. 508, 515, 303 S.E.2d 894, 898 (1983), the court stated:

> A well-recognized exception to the parol evidence rule, however, is the partial integration doctrine. "Where the entire agreement has not been reduced to writing, parol evidence is admissible, not to contradict or vary its terms but to show additional independent facts contemporaneously agreed upon, in order to establish the entire contract between the parties." *High Knob, Inc. v. Allen*, 205 Va. 503, 506, 138 S.E.2d 49, 52 (1964).

*See also, Lindsay v. Bevins*, 204 Va. 74, 128 S.E.2d 920 (1963).[2]

---

[2] It should be noted that the March note is incomplete on its face in that it refers to partial security as "and Note Modification Agreement dated March 29, 1990," which is not contained in the pleadings.

In *High Knob, Inc. v. Allen*, 205 Va. 503, 506-507, 138 S.E.2d 49, 52 (1964), the court stated:

> Another exception to the rule, which is similar in many respects to the partial integration doctrine, is the collateral contract doctrine. Under this doctrine, the parol evidence rule does not exclude parol proof of a prior or contemporaneous oral agreement that is independent of, collateral to and not inconsistent with the written contract, and which would not ordinarily be expected to be embodied in the writing.

*See also, Pierce v. Plogger*, 223 Va. 116, 286 S.E.2d 207 (1982); *Shevel's, Inc. v. Southeastern Assoc.*, 228 Va. 175, 320 S.E.2d 339 (1984); *J. E. Roberts Co. v. J. Robert Co., Inc.*, 231 Va. 338, 343 S.E.2d 352 (1984).

The commercial note here involved is to be construed under Article 3 of the Uniform Commercial Code covering commercial paper. The commentator in Hawkland & Lawrence UCC Series § 3-119.06, Art. 3, p. 231, notes that: "Article 3 does not contain a parol evidence rule, but since an instrument is a contract, a state's general parol evidence rule applies."

In a case dealing with the parol evidence rule set forth in the Uniform Commercial Code applicable to sales, *Robberecht v. Maitland Bros.*, 220 Va. 109, 111, 255 S.E.2d 682, 683 (1979), the court stated:

> Pursuing that thesis, defendant argues that Code § 8.2-202 forbids the use of parol evidence to contradict the written contract . . . . We find no merit in defendant's argument. Plaintiff's amended motion for judgment affirmatively alleged all of the elements of fraud in the inducement of a contract . . . . "When fraud in the procurement of a written contract is pleaded, parol evidence tending to prove the fraud is admissible," *Stevens v. Clintwood Drug Co.*, 155 Va. 353, 359, 154 S.E. 515, 518 (1930), and the fact that such a pleading shows that a party intends to rely upon such evidence "would not render the [pleading] demurrable," *Larchmont Properties*

*v. Cooperman,* 195 Va. 784, 791, 80 S.E.2d 733, 738 (1954). (Emphasis supplied.)

In *Dominion Bank, N.A. v. Moore,* 688 F. Supp. 1084 (W.D. Va. 1988), the court refused to permit the introduction of parol evidence that a demand note would not be called "for several years," when both parties stipulated and agreed that a term note had been converted to the demand note.

This court is of the opinion that *Moore* is distinguishable from the instant case in that in *Moore:* (a) a counterclaim was severed, and the case "limited to an action on a promissory note and any applicable defenses"; (b) the loan terms had been modified in writing three times because of maker's repeated delinquencies, and (c) the alleged oral agreement did not contain additional facts "agreed upon," or an "independent agreement," or represent a course of dealing between the parties. Rather, the alleged oral agreement specifically contradicted the agreed fact that a prior term note had been converted to the demand note."[3]

In the present case, Star Five has affirmatively alleged facts sufficient to fall within those exceptions to the parol evidence rule recognized in Virginia and referred to as the *partial integration doctrine* and the *collateral contract doctrine.* Accordingly, the demurrer is overruled as to Counts I and II.

It should further be noted that § 8.3-102(4) incorporates in Title 8.3 the "principles of construction and interpretation . . ." set forth in Title 8.1. Section 8.1-205 states in part:

> (1) a course of dealing is a sequence of previous conduct between the parties to a particular transaction which is fairly to be regarded as establishing a common basis of understanding for interpreting their expressions and their conduct . . . .

[3] Contra, In re Martin Specialty Vehicles, Inc., 87 B.R. 752, 6 UCC Rep. Ser. 2d 337 (Mass. 1988). For parties with access, the text of this case is available through Westlaw or Lexis.

(3) a course of dealing between parties . . . give[s] particular meaning to and supplement or qualify terms of an agreement . . . .

Though dealing with Article 2 of the Uniform Commercial Code (Sales) and specifically addressed to the parol evidence rule and exceptions set forth in § 8.2-202, the leading case of *Columbia Nitrogen Corporation v. Royster Company*, 451 F.2d 3 (4th Cir. 1971), is analogous to the instant case in that Star Five has alleged a "course of dealing" between the parties.

The Court of Appeals stated:

A number of Virginia cases have held that extrinsic evidence may not be received to explain or supplement a written contract unless the court finds the writing is ambiguous. *E.g., Mathieson Alkali Works v. Virginia Banner Coal Corp.*, 147 Va. 125, 136 S.E. 673 (1927). This rule, however, has been changed by the Uniform Commercial Code which Virginia has adopted. The Code expressly states that it "shall be liberally construed and applied to promote its underlying purposes and policies," which include "the continued expansion of commercial practices through custom, usage and agreement of the parties . . . ." Va. Code Ann. § 8.1-102 (1965). The importance of usage of trade and course of dealing between the parties is shown by § 8.2-202, which authorizes their use to explain or supplement a contract. The official comment states this section rejects the old rule that evidence of course of dealing or usage of trade can be introduced only when the contract is ambiguous. And the Virginia Commentators, noting that "[t]his section reflects a more liberal approach to the introduction of parol evidence . . . than has been followed in Virginia" express the opinion that *Mathieson, supra,* and similar Virginia cases no longer should be followed. Va. Code Ann. § 8.2-202, Va. Comment. *See also, Portsmouth Gas Co. v. Shebar*, 209 Va. 250, 253, n. 1, 163 S.E.2d 205, 208, n. 1 (1968) (dictum). We hold,

therefore, that a finding of ambiguity is not necessary for the admission of extrinsic evidence about the usage of the trade and the parties' course of dealing. 451 F.2d at 8-9.

See also, Brunswick Box Co. v. Coutinko, Caro & Co., 617 F.2d 355, 359 (4th Cir. 1980); Hawkland UCC Series, §§ 2-202 to 2-202:04; §§ 3-119 to 3-119:06 (1984 Ed.); An Introduction to the Uniform Commercial Code, Bunn, Snead, Speidel, § 2.14, pp. 59-61 (1964 Ed.); Friend, supra, § 297, pp. 745-748.

Finally, in Piland Corp. v. Rea Construction Co., 672 F. Supp. 244, 247 (E.D. Va. 1987), the United States District Court noted:

Custom and usage is admissible to explain or supplement a contract, and in Virginia a finding of ambiguity is not necessary for the admission of . . . the usage of the trade and the parties' course of dealing. (Citation omitted).

III. After incorporating by reference the preceding 24 numbered paragraphs, Star Five alleges in Count VII that Bank has breached its contractual obligation of good faith. Bank denies the existence of such an obligation.

Star Five relies upon § 8.1-203 which reads:

Obligation of Good Faith. Every contract or duty within this act imposes an obligation of good faith in its performance or enforcement.

The Official Comment to § 8.1-203 reads as follows:

This section sets forth a basic principle running throughout this Act. The principle involved is that in commercial transactions, good faith is required in the performance and enforcement of all agreements or duties.

Section 8.1-201(3) defines "agreement" in part as:

the bargain of the parties in fact as found in their language or by implication from other

circumstances, including course of dealing or usage of trade or course of performance . . .

Section 8.1-201(19) defines "good faith" as:

honesty in fact in the conduct or transaction concerned.

While Bank is correct in its argument that there is no general common law obligation of good faith in all contract cases, it is clear that § 8.1-203 imposes such an obligation on the parties to "every contract" within the purview of the Uniform Commercial Code. That purview necessarily includes circumstances relative to the execution of the promissory note which forms the basis of the instant cause. *United States ex rel. Crane Co. v. Progressive Enters, Inc.*, 418 F. Supp. 662 (E.D. Va. 1976); *Dominion Bank, N.A. v. Moore*, 688 F. Supp. 1084 (W.D. Va. 1988).

In *Bartlett v. Bank of Carroll*, 218 Va. 240, 248, 237 S.E.2d 115, 120 (1977), the court stated:

whether or not there was bad faith on the part of appellants is a matter of evidence and one for a determination by the trier of the facts, a jury. The court therefore erred in striking the evidence of appellant and entering summary judgment for the bank, thereby removing a factual issue from the jury.

The allegations of the Amended Counterclaim state a cause of action for breach of the statutory obligation of good faith. Thus, the Bank's demurrer to Count VII is overruled.

IV. Star Five designates Count VIII as "Tortious Breach of the Covenant of Good Faith," incorporates by reference the preceding 28 numbered paragraphs, alleges:

the Bank intentionally, arbitrarily, capriciously, and unreasonably refused to renew, extend, or otherwise refinance . . . .

and seeks punitive damages.

In *Wright v. Everett*, 197 Va. 608, 615, 90 S.E.2d 855, 860 (1956), the court stated:

> The general rule is that exemplary or punitive damages (with certain exceptions not here pertinent) are not allowed for breach of contract even though the action is ex delicto and not in assumpsit. Williston on Contracts, Vol. 5, sect. 1338, p. 3762, and § 1340, p. 3767; Restatement of the Law, Contracts, § 341, p. 559, and § 342, p. 561.
>
> As a general rule, damages for breach of contracts are limited to the pecuniary loss sustained. According to the overwhelming weight of authority, exemplary damages are not recoverable in actions for breach of contract, although there are dicta and intimations in some of the cases to the contrary. This rule does not obtain, however, in those exceptional cases where the breach amounts to an independent, willful tort, in which event exemplary damages may be recovered under proper allegations of malice, wantonness, or oppression . . . .

In *Kamlar Corp. v. Haley*, 224 Va. 699, 707, 299 S.E.2d 514, 518 (1983), the Court made clear that:

> We adhere to the rule of *Wright v. Everett* in requiring proof of an independent, willful tort beyond the mere breach of a duty imposed by contract, as a predicate for an award of punitive damages, regardless of the motives underlying the breach. (Emphasis supplied.)[4]

In *Lissman v. Hartford Fire Ins. Co.*, 848 F.2d 50, 54 (4th Cir. 1988), the Court of Appeals noted that:

[4] If not specifically, then inferentially, Kamlar overrules Wood v. American Nat. Bank, 100 Va. 306, 40 S.E. 931 (1902).

Failing to abide by a promise generates a contract claim not a tort claim [citing *Colonial Ford v. Schneider*, 228 Va. 671, 677, 325 S.E.2d 91, 94 (1985)] unless the statement was false when made, *i.e.* unless [a party] did not intend to keep its promise when it made it.

Following similar reasoning, the Court in *Erdmann v. Preferred Research, Inc., of Georgia*, 852 F.2d 788, 791 (4th Cir. 1988), recited that:

It is not sufficient for the plaintiff to show that defendant willfully desired to breach the contract for its own benefit . . . Instead, plaintiff must show that defendant maliciously desired to injure plaintiff.

*See also, Wood v. American National Bank*, 100 Va. 306, 40 S.E. 931 (1902); *Bettius & Sanderson P.C. v. Nat. Union Fire Ins.*, 839 F.2d 1009, 1015-1016 (4th Cir. 1988); *Thornhill v. Donn Kenny, Inc.*, 823 F.2d 782, 788 (4th Cir. 1987); *Acorn Structures, Inc. v. Swantz*, 846 F.2d 923, 926 (4th Cir. 1987); *A & E Supply Co. v. Nationwide Mutual Fire Insurance Co.*, 798 F.2d 669, 672 (4th Cir. 1986); *cert. denied*, 479 U.S. 1091, 107 S. Ct. 1032, 94 L. Ed. 2d 158 (1987).

Finally, and with reference to the Uniform Commercial Code, the court in *Cancun Adventure Tours v. Underwater Designer Co.*, 862 F.2d 1040, 1044 (4th Cir. 1988) stated:

There is a strong presumption in Virginia against awarding punitive damages for breach of contract. *LaVay Corp. v. Dominion Fed. Sav. & Loan Ass'n*, 830 F.2d 522, 526 (4th Cir. 1987). *A & E Supply Co. v. Nationwide Mut. Fire Ins. Co.*, 798 F.2d 669, 671-72 (4th Cir. 1986). Damages for breach of contract generally "are limited to the pecuniary loss sustained." *Kamlar Corp. v. Haley*, 224 Va. 699, 299 S.E.2d 514, 517 (1983), quoting *Wright v. Everett*, 197 Va. 608, 90 S.E.2d 855, 860 (1956). They are designed to compensate the non-breaching party and are limited to those losses reasonably within the contemplation and

control of the parties when they formed their contractual relationship. *Kamlar*, 299 S.E.2d at 517.

The presumption against punitive damages is particularly strong in the case of contracts governed by the Virginia Commercial Code. The Code states that punitive damages may not be had "except as specifically provided in this act or by other rule of law." Va. Code § 8.1-106. There is no specific authorization in the Code for punitive damages in transactions involving the sale of goods. Punitive damages are therefore recoverable only if authorized by some "other rule of law."

The law's presumption against punitive damages in Virginia admits but one exception. Punitive damages can be awarded only in those instances where the contractual breach establishes the elements of an "independent, willful tort." *LaVay*, 830 F.2d at 526-27; *Kamlar*, 299 S.E.2d at 517.

In the present case, Count VIII of the Amended Counterclaim, even with incorporation of other numbered paragraphs, does not plead sufficient facts to properly allege:

a willful independent tort in a count separate from that which alleges a breach of contract. *Kamlar Corp., supra*, 224 Va. at 707, 299 S.E.2d at 518.

Accordingly, the demurrer is sustained as to Count VIII.