## CIRCUIT COURT OF FAIRFAX COUNTY

FWB Bank

v.

R.S.Q. Associates et al.

March 25, 1993

Case No. (Law) 119209

BY JUDGE THOMAS A. FORTKORT

This case is before the Court on the motion of the defendants to set aside a confessed judgment. After hearing oral argument, the Court took the matter under advisement and requested additional memoranda from the parties. The Court has had the opportunity to fully review and consider these documents. For the reasons set forth below, the motion is granted.

The facts underlying this case are detailed in the various pleadings and memoranda filed by the parties. On June 13, 1988, defendant R.S.Q. Associates borrowed $400,000.00 from plaintiff FWB Bank, formerly First Women's Bank of Maryland. The loan, which was evidenced by a note, was a development and construction loan intended to finance the building and operation of an oil change facility called "Grease 'n Go." The maturity date of the note, including optional extension, was June 13, 1990. As a condition of the loan, FWB Bank required all shareholders of the defendant association and their spouses to personally guarantee payment. This guaranty was signed by James Reid, Senga Reid, W. H. Alan Smith, Deborah Smith, Robert Goolrick, William Quay, Jr., and Helen Quay.

The defendants in the instant case (the Reids, the Smiths, and Robert Goolrick) allege that before they signed the loan, plaintiff FWB Bank represented to them that the construction loan would be converted to a permanent mortgage loan upon its maturity. One extension of the loan, until March of 1991, was granted by mutual agreement. When the loan reached maturity, FWB Bank refused to consider a request for mort-

gage financing. R.S.Q. Associates were unsuccessful in their attempts to secure alternative financing, and FWB Bank filed suit in this Court against the Reids, the Smiths, and Mr. Goolrick. This litigation was nonsuited by the plaintiff upon execution of a "forbearance agreement," which set out a payment schedule for retiring the debt. Defendants James Reid, Senga Reid, W. H. Alan Smith, Deborah Smith, and Robert Goolrick also signed an additional guaranty of payment. This new guaranty, executed in connection with the forbearance agreement, was signed on October 21, 1991. The forbearance agreement included a confession of judgment clause, which plaintiff utilized in October of 1992. The motion now before this Court is defendants' motion to set aside the confessed judgment against guarantors James Reid, Senga Reid, W. H. Alan Smith, Deborah Smith, and Robert Goolrick.

Under § 8.01–433 of the Virginia Code, a confessed judgment will be set aside where a defendant raises "any ground which would have been an adequate defense . . . in an action at law instituted upon the creditor's note, bond or other evidence of debt upon which such judgment was confessed." The merits of the defense are not at issue in the motion to set aside a confessed judgment; rather § 8.01–433 is invoked if "the pleadings on their face assert an adequate defense." *Nations-Bank v. Sarelson*, Law No. 111837, slip op. at 2 (Fairfax County 1992). In the instant case, a defense of fraud has been raised which requires the setting aside of the confessed judgment.

Defendants' allegations of fraud are based on "an alleged oral promise by the Plaintiff to renew the Note as a permanent loan, which promise is alleged to have been made prior to or contemporaneous with the Defendants' execution of the loan documents." Plaintiffs' brief in opposition at 8. FWB Bank argues that evidence as to oral representations made to the defendants is barred by the parol evidence rule. FWB also contests the fraud defense on grounds of election of remedies, estoppel, waiver, and settlement.

The note signed by the defendants contains a merger clause, and the general rule in Virginia is that parol evidence "is inadmissible to vary, contradict, add to, or explain the terms of a complete, unambiguous, unconditional written instrument." *Shevel's Inc — Chesterfield v. Southeastern Associates, Inc.*, 228 Va. 175, 182 (1984) (citations omitted). Defendants seek the admission of parol evidence under excep-

tions to the general rule for cases involving fraud or what is termed a "collateral contract." *King Industries, Inc. v. Worlco Data Systems, Inc.*, 736 F. Supp. 114 (E.D. Va. 1989), *J. E. Robert Co. v. J. Robert Co., Inc. of Virginia*, 231 Va. 338 (1986), *Shevel's* at 183. The parol evidence rule does not apply where "the written contract is alleged to have been procured by fraud," *Shevel's* at 183 (citation omitted), nor where a "collateral contract" is alleged, *J. E. Robert Co.* at 342. The latter exception allows admission of parol evidence "of a prior or contemporaneous oral agreement that is independent of, collateral to and not inconsistent with the written contract, and which would not ordinarily be expected to be embodied in the writing." *Shevel's* at 183 (citations omitted).

The United States District Court for the Western District of Virginia ruled in *Dominion Bank, N.A. v. Moore*, 688 F. Supp. 1084 (W.D. Va. 1988), that "oral agreements not to call a demand note for a certain time frame or until a specified event" cannot be proven with parol evidence. Plaintiff cites this case to support exclusion of the oral agreements alleged by defendants in the instant case. However, the facts of *Dominion Bank* can be distinguished from those of the case at bar, rendering the applicability of the former dubious at best.

In *Dominion Bank*, a term note was converted to a demand note with quarterly interest payments. *Id.* at 1086. When the holder sued on the note, the defendants offered parol evidence to prove that they had agreed to the conversion only because the plaintiff agreed not to call the loan for several years. *Id.* at 1086. In rejecting the parol evidence, the court stated that "[a]ny oral agreements not to call a demand note . . . contradict the very nature of a demand note." *Id.* In other words, the court relied on the most fundamental principle of the parol evidence rule: that oral statements are inadmissible to contradict the terms of a written agreement. *Id.* In the instant case, the oral representations alleged by the defendants would not undermine the very essence of the note, as was the case in *Dominion Bank.* Conversion of construction financing to a permanent mortgage upon maturity is not necessarily inconsistent with the terms of the written construction loan. The Court finds that defendants' allegations of fraud are not barred by the parol evidence rule.

Turning to FWB Bank's second argument, on election of remedies, the Court finds it unpersuasive. FWB Bank has cited no Virginia authority in support of this theory, and is in essence attempting to force

an election of defenses by the Reids, the Smiths, and Mr. Goolrick. FWB Bank, as plaintiff, is the party who elected its remedy by entering into the agreements with defendants. The present suit is founded on the confession of judgment clause of that agreement.

The third protest raised by FWB Bank to the defendants' fraud assertions is based on estoppel. According to FWB Bank, the defendants are estopped from raising the fraud claim on the original note by their entering into the forbearance agreement. Initially this Court notes that estoppel is not favored in the law and is applied very sparingly. *E.g.*, *Princess Anne Hills v. Susan Constant Real Est.*, 243 Va. 53, 59 (1992). Moreover, among the required elements of estoppel is detriment to the opposing party. *Id.* FWB Bank has not shown that it suffered any detriment by its reliance on the forbearance agreement. The cases cited by plaintiff, such as *Overstreet v. Kentucky Central Life Insurance Co.*, 950 F.2d 931 (4th Cir. 1991), reaffirm the detriment requirement for estoppel but fail to bolster plaintiff's assertions that the requirement has been met in the instant case.

Plaintiff also argues that the defendants "have waived and surrendered their right to pursue a defense of fraudulent inducement in connection with the original loan." Supplemental Memorandum of Plaintiff at 5. It is not entirely clear whether the source of the alleged waiver is to be the forbearance agreement or the guaranty of payment. The ambiguity in plaintiff's argument is immaterial, however; this Court finds no waiver in either document. The forbearance agreement is silent as to the waiver issue, and the guaranty of payment waives only defenses relative to the borrower. There is no waiver by the guarantors. There also is no evidence of the meeting of the minds required for compromise and settlement, *e.g.*, *Montagna v. Holiday Inns*, 221 Va. 336 (1980), thus disposing of plaintiff's last argument.

The confessed judgment will be set aside and the case tried on grounds of fraud.