**CIRCUIT COURT OF THE CITY OF RICHMOND**

Michelle Jordan

v.

Chai Yoon Chang,
individually and
d/b/a Nuttall's Market

January 30, 1995

Case No. LX-2309-1

By Judge Melvin R. Hughes, Jr.

In this suit, the plaintiff alleges that the defendant, a neighborhood grocer, discriminates on the basis of race. She alleges that defendant has subjected her to a systematic pattern of racial discrimination and "specifically refuses . . . to take checks as payment for goods from African-American citizens, regardless of residence or credit history."

The remaining question from the recent hearing on the defendant's Demurrer goes to Count Two of the Motion For Judgment. That count alleges a violation of § 59.1-21.21:1 under the Equal Credit Opportunity Act (§ 59.1-21.19, *et seq.*). The Act makes it unlawful to discriminate on the basis of race and other reasons in credit transactions.

Counsel narrowed the issue to whether a check is a credit transaction within the meaning of § 59.1-21.20(b). The subsection defines "credit" as "the right granted by a creditor to a debtor to defer payment of debt or to incur debts and defer its payment or to purchase property or services and defer payment therefor." Based on the facts alleged here, counsel for plaintiff argued that a check is "credit" because tendering a check extends a promise to pay in the future for a present delivery of goods, thus payment is deferred.

The Uniform Commercial Code at § 8.3-104 describes a check drawn on a bank and payable on demand as an example of a negotiable instrument. There is no allegation that the instrument here is anything other than

a demand instrument. As such a demand note is payable at once and matures on the day of execution. *Harris & Harris v. Tablen*, 232 Va. 75, 348 S.E.2d 241 (1986). Thus, a check is not a credit transaction.

Moreover, the Motion for Judgment does not allege that the defendant is a "creditor" within the meaning of § 59.1-21.20(c). That definition encompasses one who regularly arranges for the extension, renewal, or continuation of credit.

For these reasons, the demurrer as to count two is sustained.