97  602
97  753

# Richmond.

STRICKLAND *v.* GRAYBILL AND ANOTHER.

NOVEMBER 16, 1899.

1. FALSE REPRESENTATIONS—*Matter of Fact.*—The representation by the vendor of a patent right that he has been offered a given sum for it is the statement of a material fact, as the chief element of its value is the readiness with which it may be sold.
2. FALSE REPRESENTATIONS—*Set-Offs—Sec. 3299 of Code—Rescission.*— In an action on notes given for a patent right, if the defendant claims that he has been damaged by fraud or misrepresentation in the procurement of the notes, he may file a special plea under section 3299 of the Code, and have set off against the plaintiff's demand the amount of damages sustained by him in consequence of such fraud and misrepresentation. This does not require a rescission of the contract in suit and a reinvestment of the vendor with the title.
3. PLEADING—*Plea Under Sec. 3299 of Code—Scienter.*—A plea under Sec. 3299 is sufficient which avers that the statements of facts were falsely and fraudulently made for the purpose of procuring the contract; that they were material; that they were untrue; and that the defendant to whom they were made relied upon them, and was by them induced to enter into the contract.
4. CONTRACTS—*Fraud in Procurement—Ratification.*—The renewal of notes after knowledge of fraud in the procurement of the original notes will not be deemed a ratification of the original transaction where it satisfactorily appears that the maker did not thereby intend to waive his defence or ratify the transaction, in consequence of an understanding with the holder that, in a certain contingency, he would surrender them.

Error to a judgment of the Circuit Court of Botetourt county, rendered May 26, 1898, in an action of debt, wherein

the plaintiff in error was the plaintiff, and the defendants in error were the defendants.

*Affirmed*

The opinion states the case.

*Geo. C. Moomaw* and *Scott & Staples*, for the plaintiff in error.

*Benjamin Haden*, for the defendant in error.

KEITH, P., delivered the opinion of the court.

Jonas Graybill, with J. H. Graybill as his endorser, executed two notes to Strickland for the price of a certain patent, which notes were from time to time renewed, and, the notes last given not having been paid, suit was brought to recover the money represented by them. The defendants appeared and pleaded the general issue, and a special plea, in which they aver that the notes sued on were given for the purchase price of a certain patent right for a bed brace for the States of Ohio and Alabama; that the defendants were induced to purchase by false and fraudulent representations of material matters made by the plaintiff to them as follows: That the patent right was very valuable and salable; that it was selling rapidly; that it was a valuable invention; that the seller had been offered and had refused $75,000 for it; that he had been offered $8,000 for four States, which he named; that one hotel in Roanoke wanted one hundred of them; that the defendants, relying upon these representations, purchased the patent rights for the States of Ohio and Alabama, and executed the notes sued on; that all these representations were false and fraudulent, and the patent rights wholly worthless; that the representations were relied upon by the defendants and had induced them to execute the notes sued upon by the plaintiff; and that they had been damaged to the extent of $2,750, which they now and here offer to set off against the claims in the declaration mentioned.

Plaintiff moved to strike out this plea, which the court overruled, and the plaintiff excepted. We are of opinion that there was no error in the ruling made by the court. The plea avers, among other things, that the plaintiff represented to the defendants that he had been offered $75,000 for the patent right. This is an averment of fact and not a mere opinion—an averment of fact which might well induce a bidder to give more for an article than he would have otherwise done, especially when, as is pointed out by the court in the somewhat similar case of *Hull* v. *Fields & Thomas*, 76 Va., at p. 606, "the subject of the purchase is of a right to sell an article, and the chief element of its value is the readiness with which it may be sold."

Nor is this case at all similar to the class of cases beginning with *Shiflett* v. *The Orange Humane Society*, 7 Gratt. 297, and ending with *Tyson* v. *Williamson*, 96 Va. 636, in which it is held that where the defence is based upon equitable grounds which require a rescission of the contract in suit, and a reinvestment of the vendor with the title, a plea such as that under consideration is not available, because in such case a court of law is incompetent to do complete justice between the parties, and the recourse, in the nature of things, must be to equity. The parties here are not asking for a rescission of the contract, nor do the circumstances of the case require it in order that full justice may be done. It is more nearly allied to those cases, of which *Watkins* v. *West Wytheville Land Co.*, 92 Va. 1, is one, in which it was held that a party claiming to have been damaged by fraud or misrepresentation in the procurement of a contract for the sale of real estate may elect either to rescind the contract or proceed at law to recover damages, and if sued at law on bonds given for deferred payment of purchase money, he may file a special plea under section 3299 of the Code, and have set off against the plaintiff's demand the amount of damages sustained by him in consequence of such fraud or misrepresentations.

Nor can the objection to the plea that it does not in its terms aver *scienter* be sustained. This is an equitable plea under the statute, and contains all the necessary averments. We have the positive statements of facts, averred to have been falsely and fraudulently made for the purpose of procuring the contract; that they were material; that they were untrue; that the party to whom they were made relied upon them and was by them induced to enter into the contract. *Max Meadows L. & I. Co.* v. *Brady,* 92 Va. 71; *Wise* v. *Fuller,* 2 Stuart's N. J. Eq. at p. 263; *Jackson* v. *Armstrong,* 50 Mich. at p. 70; Bigelow on Fraud, p. 492; and *Hull* v. *Fields & Thomas, supra.*

After the evidence was adduced, the plaintiff demurred. Thereupon the jury rendered a verdict, and the court entered judgment upon it, and this is assigned as error. We are of opinion that the evidence was sufficient to warrant the judgment. It is true, that after the original notes were executed, they were from time to time renewed with knowledge on the part of defendants in error of the falsity of the representations by which they had been induced to enter into the contract, but it satisfactorily appears that there was no purpose upon their part to waive the defence upon which they now rely or to ratify the original transaction, for both the defendants state that the notes were renewed with the understanding between them and Strickland that he expected to sell the whole patent right to a joint stock company, in which event he would take back the territory purchased by them.

Upon the whole case, we are of opinion that there is no error in the judgment appealed from, and it is affirmed.

*Affirmed.*