## Staunton.

### THE BANK OF MARION v. F. L. SPENCE AND J. L. WARD, EXECUTORS, ET ALS.

September 12, 1930.

Absent, Holt, J.

*George F. Cook* and *B. L. Dickinson*, for the appellant.

*W. P. Parsons* and *W. B. Kegley*, for the appellees.

GREGORY, J., delivered the opinion of the court.

A suit in chancery was instituted by Spence and Ward, executors, against H. S. Bales, *et als.* Among other things, the complainants alleged, in their bill filed in the suit, that a judgment lien claimed by the Bank of Marion for the sum of $2,000.00 with interest and attorney's fees was void. The judgment purports to be one by confession. W. Lynn Copenhaver, attorney in fact, for H. S. Bales and Mrs. H. S. Bales, confessed the judgment in the clerk's office, before the clerk, on the 6th day of January, 1922, at which time the Circuit Court of Wythe county was in vacation.

The validity of this judgment is the sole question presented by the record in this case.

The trial court decided that the judgment was void because it was confessed before the clerk, in the clerk's office, in vacation, when by the express terms of the note judgment on the note could only have been confessed in a court of record and at a term of such court. A decree was entered in the suit in accordance with the court's decision, setting aside and annulling the judgment, and from that decree this appeal was allowed.

The material part of the power of attorney which was embodied in the note and which formed the basis for the purported confessed judgment is as follows:

"All makers, sureties, endorsers and guarantors hereby authorize and empower the cashier of said bank, or the

holder of this note, to confess judgment in favor of the payee or holder hereof, after maturity and default in the amount due hereunder, before any justice of the peace or in any court of record (having jurisdiction of the amount) at any term of such court * * *"

It is observed, that by the terms of the instrument the makers, sureties, endorsers and guarantors expressly empowered the cashier of the bank, or the holder of the note, to confess judgment on the note "in any court of record at any term of such court."

It is contended by the appellees, first, that only the cashier of the bank or the holder had the power to confess judgment on the note and that the judgment does not show that Copenhaver was at the time cashier of the bank, and second, that the judgment could only be confessed in a court of record in term time.

The first contention is without merit. The record discloses that at the time of the confession Copenhaver was the cashier of the bank. This fact clearly appears from the endorsement on the process where he accepts service of the process for H. S. Bales and Mrs. H. S. Bales as attorney in fact for them and as cashier of the bank.

The second contention of the appellees is sound and in accord with reason. The fact that the judgment was confessed during the vacation of the court and before the clerk in his office is admitted. The language of the power of attorney is clear, unequivocal and susceptible of but one interpretation. The law in Virginia is that a power of attorney will be strictly construed. *Hotchkiss* v. *Middlekauf*, 96 Va. 649, 32 S. E. 36, 43 L. R. A. 806; *Colona* v. *Parksley*, 120 Va. 812, 92 S. E. 979.

An act done by an attorney in fact which is not authorized by the power under which he acts is a nullity. There being no doubt that Copenhaver confessed the judg-

ment before the clerk, in vacation, instead of in a court of record at a term of such court as he was directed to do, this renders the judgment void. He did not follow the express terms of the power which had been conferred on him.

It is urged upon us by the appellant that this case is controlled by the ruling in the case of *Walker* v. *Temple*, 130 Va. 567, 107 S. E. 720.

In that case, the terms of the power to confess judgment conferred on the attorney provided that he could confess judgment at "any time" and in "any court." It was held that the language of the power was broad enough to include confession of judgment before a clerk of the court, and while the terms of the power must be strictly construed, the language must be given its obvious meaning. It was manifest that the parties there were not using the word "court" in its technical sense, but intended to authorize the confession before any tribunal authorized to take it, regardless of by what name it might be called.

In the case before us, if we give the language used "in a court of record and at a term of such court" its obvious meaning, it is that the confession must be in a court of record and in term time. It is manifest that the parties here were using the words "in a court of record and at a term of such court" in their ordinary sense and that the confession could not legally take place before a clerk in vacation.

We are therefore of opinion that there is no error in the decree complained of and that it should be affirmed.

*Affirmed.*