## CIRCUIT COURT OF FAIRFAX COUNTY

NationsBank

v.

Michael Sarelson
and Mary Sarelson

October 6, 1992

Case No. (Law) 111837

BY JUDGE ROSEMARIE ANNUNZIATA

This matter is before the Court on defendants' motion to set aside a confessed judgment. Defendants are husband and wife, Michael and Mary Sarelson. Defendant Michael Sarelson is the president of Commonwealth Copy Products, Inc., a closely-held corporation which became indebted to plaintiff NationsBank. He was required by the bank to personally guaranty the corporate debts to plaintiff as a function of his corporate position. The plaintiff bank additionally required his wife, Mary Sarelson, to personally guaranty the same corporate debts. Prior to full satisfaction of the debt, Commonwealth Copy Products, Inc., defaulted on the loans. On January 15, 1992, confessed judgment was entered against defendants, Mr. and Mrs. Sarelson, in the Fairfax County Circuit Court. For the reasons stated below, defendants' motion to set aside the confessed judgment is granted.

A confession of judgment may be set aside where the defendant can raise "any ground which would have been an adequate defense or set off in an action at law instituted upon the creditor's note, bond, or other evidence of debt upon which such judgment was confessed." The decisive issue is whether defendants have raised an "adequate defense" to the enforcement of the underlying debts. *See, Uniform Consumer Credit Code — A Prospect for Consumer Credit Reform in Virginia*, 28 W. & L. L. Rev. 75, 94 (1971) (debtor is allowed a hearing on the matter of the confessed judgment if he raises timely defenses after the judgment is docketed); *Harris & Harris v. Tabler*, 232 Va. 75 (1986)

(confessed judgment properly set aside where defendants raise applicable statute of limitations and failure of plaintiff to follow proper procedures for obtaining confessed judgment); *Pate v. Southern Bank & Trust Co.*, 214 Va. 596 (1974) (set aside of confessed judgment proper where fraud alleged); *Joyner v. Graybeal*, 204 Va. 543 (1963) (set aside of confessed judgment proper where defendant alleged plaintiff's impairment of defendant's security, which if true would release defendant's liability); *Builders Supply Co. v. Brown*, 24 Va. Cir. 369, 370 (1991) (set aside proper where statutory requirements for obtaining confessed judgment not followed).

In determining whether defendants have raised an adequate defense and whether the defense is available to defendants on the facts as pleaded, I note, first, that in accordance with the language of Virginia Code § 8.01–433, it is sufficient if the pleadings on their face assert an adequate defense. A determination of the merits of the asserted defense must be reserved for a subsequent trial. *Pate*, at 599 (court did not rule on ultimate validity of defense but remanded case for hearing on merits having found defendant's allegations of fraud constitute an adequate defense).

Defendants allege in their pleadings that the plaintiff bank violated the Federal Equal Credit Opportunity Act (15 U.S.C. § 1691 *et seq.*) by requiring Mrs. Sarelson's endorsement of the Guaranty solely on the basis of her marital status as Mr. Sarelson's wife. Defendants contend they have thus raised an adequate defense, warranting that the Court grant their motion to set aside the confession of judgment. I concur in that conclusion.

In general, the ECOA prohibits discrimination "with respect to any aspect of [a] credit transaction." 15 U.S.C. § 1691(a). The ECOA encompasses discrimination resulting in the denial of credit as well as the extension of credit which is made in violation of the provisions of the ECOA. *See, Douglas County National Bank v. Pfeiff*, 809 P.2d 1100, 1104 (Colo. App. 1991) (ECOA also prohibits extensions of credit based on requirement of unwarranted signatures).

Defendants specifically raise Regulation B of the ECOA, 12 C.F.R. 202.1 *et seq.*, as a defense to plaintiff's judgment on the debt. Regulation B prohibits creditors from requiring the signature of a credit applicant's spouse where the applicant is individually creditworthy and where the spouse is not a joint applicant to the credit transaction. 12 C.F.R. § 202.7(d)(2). This prohibition applies both to guarantors of a

loan and to other signatories on credit applications and thus applies here. Official Staff Commentaries, 12 C.F.R. pt. 202, supp. I, § 202.7(d)(6)(1); *See also, Pfeiff*, at 1103 (Colo. App. 1991); *In re Remington*, 19 B.R. 718, 719 (D. Colo. 1982). It also applies to commercial extensions of credit such as the extension of credit at issue in this case. 15 U.S.C. § 1691(a) (1988); 12 C.F.R. § 202.2(g) (1990); *Pfeiff*, at 1103. Indeed, by way of example, the Official Staff Commentaries point out that under Regulation B, where "all officers of a closely-held corporation are required to personally guarantee a corporate loan, the creditor may not automatically require that spouses of named officers also sign." Official Staff Commentaries, 12 C.F.R. pt. 202, supp. I, § 202.7(d)(6)(1). Case law further recognizes that violations of Regulation B, in particular, and the ECOA, in general, can be raised defensively to attack claims on an underlying debt. *See gen., Pfeiff*, at 1104 (requirement of unwarranted wife's signature on business debt guaranteed by husband is a valid affirmative defense and will withstand a motion for summary judgment); *In re Remington*, at 719–720 (held that although "on its face [the ECOA] does not speak to a difference between affirmative actions or defensive actions," the extensive damages provisions reveal a policy favoring the use of the ECOA defensively as an effective means for inducing "a creditor to obey the statute's mandates"); *see also, Federal Deposit Ins. Co. v. Notis*, 602 A.2d 1164 (Me. 1992); and *Marine American State Bank v. Lincoln*, 433 N.W.2d 709 (1988).

Plaintiff correctly asserts that there is no violation of the ECOA's prohibition of discrimination on the basis of marital status when a creditor requires the signature of an applicant's spouse where both spouses are applying for credit jointly and credit is extended to both spouses jointly. 12 C.F.R. § 202.7(d)(1); *Sutliff v. County Savings and Loan Co.*, 533 F. Supp. 1307, 1312 (N.D. Ohio 1982). However, as alleged, Mr. and Mrs. Sarelson were not joint applicants for the extension of the credit to the corporation; they merely became joint obligors on the debt in their capacity as guarantors for the corporate debt and no credit was extended to her.

Plaintiff also argues that, even if an alleged violation of the ECOA is found to be an adequate defense for the purposes of this matter, defendants have waived all legal defenses in the debt and guaranty instruments they signed, including any defenses available under the ECOA. Waiver is a question of fact, however, *Bergmueller v. Minnick*,

238 Va. 332, 338 (1989), the resolution of which must be reserved for trial.

Accordingly, the confessed judgment is hereby set aside, and the case is remanded for trial on the merits.