## CIRCUIT COURT OF FAIRFAX COUNTY

Key Bank & Trust

v.

Catherine E. Myers et al.

April 30, 1999

Case No. (Law) 177422

BY JUDGE LESLIE M. ALDEN

This matter came before the Court upon the Motions to Set Aside and Stay Execution of the Confessed Judgment filed by Defendant Catherine E. Myers and upon the Motion to Strike the Motion to Set Aside the Confessed Judgment filed by Plaintiff Key Bank & Trust. At the hearing on April 2, 1999, the Court took under advisement the following issues:

(1) Whether this Court has jurisdiction over this matter given that Ms. Myers did not file her motions with twenty-one days of service of the Confessed Judgment;

(2) Whether Ms. Myers authorized Robert W. Haas, Esq., to confess judgment against her; and

(3) Whether Ms. Myers may now assert affirmative defenses and a claim that an award of attorney's fees in the amount of 20% of the Confessed Judgment is unconscionable.

For the reasons set forth herein, the Court finds that the Confessed Judgment against Ms. Myers should not be set aside.

### Factual Background

On September 9, 1994, FM Development, Inc., executed a Deed of Trust Note ("Note") for the benefit of Key Federal Savings Bank in the amount of $2,360,000.00. Ms. Myers and her husband Frank Myers signed the Note as Guarantors and agreed to "unconditionally and absolutely guarantee payment

and performance of all of the terms and conditions" of the Note. The Note provided that in the event of a default, the "undersigned maker" authorized Robert W. Haas, Esq., as its attorney-in-fact to appear and confess judgment in favor of the note holder.

FM Development defaulted on the Note, and on January 19, 1999, Haas appeared before the Clerk of the Court and confessed judgment against both Frank and Catherine Myers. A copy of the Order confessing judgment was served, via certified mail, on Ms. Myers on January 28, 1999. On March 19, 1999, more than twenty-one days after service of the Confessed Judgment, Ms. Myers filed a Motion to Set Aside the Confessed Judgment and a Motion to Stay Execution of the Confessed Judgment.[1] Key Bank responded by filing a Motion to Strike Ms. Myers' Motion to Set Aside the Confessed Judgment.

*Analysis*

The threshold issue for the Court is whether it has jurisdiction over Ms. Myers' Motion to Set Aside the Confessed Judgment as it was filed more than twenty-one days after service of the Confessed Judgment. Pursuant to Rule 1:1 of the Rules of the Supreme Court of Virginia, after the expiration of twenty-one days from the entry of judgment, the Court rendering the judgment loses jurisdiction of the case and the judgment is final. However, if the judgment is void, it may be attacked in any court at any time. *Rook v. Rook,* 233 Va. 92 (1987). A void judgment is one that has been procured by fraud or entered by a court that lacked either subject matter or personal jurisdiction. *Id.*

Here, Ms. Myers contends that Haas did not have authority to act as her attorney-in-fact, and consequently, the Court had no jurisdiction to enter a judgment against her and the judgment is void. Ms. Myers argues that only the "Maker" of the Note authorized Haas to act as an attorney-in-fact, and as Ms. Myers was merely a guarantor and not the maker of the Note, she did not authorize Haas to confess judgment against her. To support her position, she relies on the case of *Pate v. Southern Bank & Trust,* where the Court set aside a Confessed Judgment on the ground that the signature on the note appointing the attorney-in-fact was a forgery. *Pate v. Southern Bank & Trust,* 214 Va. 596 (1974). The *Pate* court determined that a court has jurisdiction to enter a confessed judgment as long as the attorney-in-fact had a valid authorization to do so.

In this case, Ms. Myers authorized Haas to be her attorney-in-fact because she signed an "Absolute Guarantee" that read, "the undersigned hereby

---

[1] Ms. Myers also filed a Motion in Limine which was withdrawn at the hearing.

acknowledge that they have read this Note and agree to jointly and severally, unconditionally and absolutely guarantee payment and *performance of all of the terms and conditions thereof* [emphasis added]." By this language, Ms. Myers clearly and unequivocally agreed to acceptance and performance of all of the terms entered into by the Maker of the Note, including the provision appointing Haas as her attorney-in-fact to confess judgment in the event of a default. While provisions appointing a power of attorney must be strictly construed, neither the Note nor the Guarantee contains any limitations, express or implied, on Ms. Myers' obligations under the Guarantee. *Bank of Marion v. Spence*, 155 Va. 51 (1930). To the contrary, the plain terms of the document belie the argument that she was not bound by all of its terms. Accordingly, the attorney-in-fact had a valid authorization to confess judgment against the guarantors, and therefore, the Confessed Judgment is valid.

In her Motion, Ms. Myers asserts several affirmative defenses, namely: (1) the appointment of Haas as attorney-in-fact fails to meet the notice requirements in § 8.01-433.1 of the Virginia Code, (2) the appointment of the attorney-in-fact is invalid because her signature on the Note is not notarized as is required by § 8.01-435 of the Virginia Code, (3) Key Bank violated 15 U.S.C. § 1691 by requiring her to be a co-guarantor of the Note and therefore discriminating against her based on marital status, and (4) the inclusion of attorney's fees in the amount of 20% of the judgment is unconscionable.

Because the Court upholds the validity of the Confessed Judgment, the Court concludes that Ms. Myers forfeited her right to raise any of the defenses in her motion as it was untimely filed. None of these defenses render the Confessed Judgment void as a result of fraud or void because the Court lacked subject matter or personal jurisdiction. Accordingly, Ms. Myers was required to raise these defenses before the Confessed Judgment became final pursuant to Rule 1:1 of the Rules of the Supreme Court of Virginia.

Even had her defenses been timely filed, the Court finds that the defenses related to the notice requirements and the lack of a notarized signature are without merit. After reviewing the confessed judgment provision in the Note, the Court concludes that it is in compliance with the notice requirements of § 8.01-433.1. Additionally, the Court concludes that the Note need not be acknowledged and notarized as claimed by Ms. Myers because the authorization of Haas as attorney-in-fact was incorporated in and made a part of the Note. The other two defenses asserting violations of the Equal Credit Opportunity Act and claiming the unreasonableness of the attorney's fees, even if arguable, simply were not timely raised.

## *Conclusion*

For the reasons stated herein, the Court finds that Haas was expressly authorized to confess judgment on behalf of Ms. Myers. Accordingly, her Motion to Set Aside and Stay Execution of the Confessed Judgment is hereby denied, and Key Bank's Motion to Strike the Motion to Set Aside is hereby granted.