# CIRCUIT COURT OF THE CITY OF NORFOLK

Harjinder Singh Kalsi

v.

Kalpa Girish Patel et al.

Case No. (Law) L99-2342

Dilip Patel

v.

Kalpa Girish Patel et al.

Case No. (Law) L99-2343

Jitendra Patel

v.

Kalpa Girish Patel et al.

Case No. (Law) L99-2344

Rajesh Patel

v.

Kalpa Girish Patel et al.

Case No. (Law) L99-2345

September 28, 2000

BY JUDGE MARC JACOBSON

The Defendants in each of the above-captioned actions seek to set aside judgments against them obtained, by "confession of judgment" by Louis G. Paulson, Attorney in Fact. In each instance, judgment was confessed presumably by Louis G. Paulson before Albert Teich, Jr., Clerk (by his Deputy Clerk) on September 28, 1999.

In their respective Motions to Set Aside Judgment, Defendants in the above-captioned actions (collectively referred to as "Defendants") allege fraud in a number of forms. The judgments against each of the Defendants were based upon the failure of Defendants to pay on certain promissory notes held by Plaintiffs. Defendants allege that they failed to pay on the notes because they were fraudulently induced to purchase certain hotel properties. In support of this theory, Defendants allege that the loan transaction involving the notes and the transaction for the sale of the hotel were dependent upon one another and were negotiated contemporaneously. Defendants specifically allege that the loan funds were advanced in order to fraudulently induce Defendants into purchasing the hotel by making the entire transaction seem more attractive to them. *See* Defendants' Brief in Support of Motion to Set Aside Confessed Judgment ("Defendant's Brief") at 7. Defendants allege that, unbeknownst to them, the hotel was the subject of significant illegal activity and was raided by law enforcement personnel shortly after the sale transaction closed. Defendants further allege that Plaintiffs concealed this information and in doing so fraudulently induced them to purchase the property. Because the loan transaction and sale transaction were contemporaneous, Defendants claim any fraudulent inducement for the hotel would have also fraudulently induced the loan transaction.

Although it is not clear from the pleadings that the loan proceeds were advanced as seller financing, Defendants allege that the loan evidenced by the notes was made "[a]s part of the sale of the Towne Point Motel and contingent upon the closing of the purchase contracts." *See* Motion to Set Aside Confessed Judgment, p. 11. It is alleged that the written loan agreement itself was expressly made contingent upon the closing of the sale of the hotel property.[1] *See* Loan Agreement at 1 ("RAJ . . . agrees to loan . . . if closing on

---

[1] Plaintiffs argue that the loan agreement itself is parol evidence that cannot be used to contradict the promissory notes. However, the notes and the agreement are

the two real estate contracts described below take place. . . .") As part of their theory, Defendants allege that RAJ Motels, Inc. (RAJ) as a corporate entity and the individual Plaintiffs named as payees in the notes acted as one entity during the overriding transaction. Specifically, Defendants allege that "[t]he four individual plaintiffs had no separate identity from RAJ in the negotiation and consummation of either the sale of the Motel or negotiation of the loan payment." *See* Defendants' Brief at 8.

In their pleadings Defendants claim that any fraud that occurred in the overriding transaction was committed by "RAJ, by and through its principals and agents." *See* Motion at p. 14. There is no specific reference in any of Defendants' pleadings to fraudulent conduct on behalf of the individual promissory note payees. Because Defendants' pleadings allege fraud only on behalf of RAJ, Plaintiffs argue that the individual promissory note payees cannot be held liable as they were not expressly named in Defendants' Motion. Plaintiffs allege that "The Defendants' Motions contain no allegations that [the individual promissory note payees] owed any duty individually or otherwise to Defendants in connection with these promissory notes." *See* Plaintiffs' Reply Brief ("Reply Brief") at 5.

In order to set aside a confessed judgment, Defendants must raise "any ground which would have been an adequate defense . . . in an action at law instituted upon the creditor's note, bond, or other evidence of debt upon which such judgment was confessed." *See* Va. Code § 8.01-433. This section is invoked if "the pleadings on their face assert an adequate defense." *FWB Bank v. RSQ Assocs.*, 31 Va. Cir. 74, 75 (Fairfax County 1993) (*citing NationsBank v. Sarelson*, 31 Va. Cir. 544 (Fairfax County 1992)). The actual merits of the claim are not relevant at this time in an analysis of whether a judgment should indeed be set aside. *See id.*

In considering the Motions it is necessary for the Court to consider whether Defendants have asserted in their pleadings reasonable grounds upon which a defense to payment could be predicated. Defendants allege fraudulent inducement, the defense of which is based on general contract principles. The Restatement (Second) of Contracts § 164(2), cited with approval in Comment 4 to Virginia Commercial Code § 8.3A-302, states:

> [I]f a party's manifestation of assent is induced by either a fraudulent
> or material misrepresentation by one who is not a party to the

---

portions of the same underlying contract, the loan agreement and the guaranty agreements directly referencing the notes themselves. Since the documents together comprise one complete contract, the parol evidence rule is inapplicable.

transaction upon which the recipient is justified in relying, the contract is voidable by the recipient, unless the other party to the transaction in good faith and without reason to know of the misrepresentation either gives value or relies materially on the transaction.

Based upon this theory, Defendants allege or contend that there is a basis for defeating payment obligations to the individual plaintiffs for misrepresentations made by RAJ if the individual plaintiffs knew of such misrepresentations, even if the Plaintiffs did not make the misrepresentations themselves.

Defendants have alleged that RAJ made fraudulent representations to them regarding the loan transaction, and that Plaintiffs in this case were principals of RAJ. *See* Motion at 12. The Motions expressly allege that the principals of RAJ, the individually named payees, acted as the same entity as RAJ and that the principals would have actual knowledge of any fraudulent acts committed by RAJ even if they did not directly make the fraudulent statements themselves. *See id.* The knowledge of any fraudulent acts, it is alleged, may be considered in determining if such knowledge imputes liability on behalf of the holders of the notes sufficient for Defendants to avoid liability.

In essence, Plaintiffs' assertions speak to whether or not Defendants will be able to prove that the holders of the notes either knew of the alleged fraud or were part of the alleged fraudulent transaction. Plaintiffs' argument is premised upon the fact that the loan transaction and the hotel sale transaction were separate, stating "the disputes presently before the Court *do not* arise from the purchase of the Towne Point Motel." *See* Reply Brief at 1 (emphasis in original). However, Defendants allege that the loan was made "[t]o present a better deal to the potential buyer, and rid [the sellers] of the Towne Point Motel on terms it knew to be favorable. . . ." *See* Defendants' Brief at 7. Whether or not Defendants will be able to prove the loan funds were advanced for the purpose of perpetrating a fraudulent sale transaction is a matter of proof and trial on the merits.

Plaintiffs also allege that Defendants have failed to plead fraud with the required specificity. *See* Plaintiffs' Brief at 6 ("Fraud, whether alleged offensively or defensively, must be specifically pleaded. Defendants have failed to plead any acts of fraud on the part of these individuals. . . .")

Defendants would be required to allege the "positive statements of facts averred to have been falsely and fraudulently made for the purpose of procuring the contract; that they were material; that they were untrue; that the

party to whom they were made relied upon them; and was by them induced to enter into the contract." *Strickland v. Graybill*, 97 Va. 602, 34 S.E. 475, 476 (1899). Fraud "must be alleged and proved by evidence that is clear, cogent, and convincing." *Wolford v. Williams*, 195 Va. 489, 498, 78 S.E.2d 660, 665 (1953).

To sufficiently plead a claim of actual fraud, Defendants must allege "(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled." *Anderson v. Sharma*, 38 Va. Cir. 22, 29 (Fairfax County 1995). Defendants have alleged that RAJ, through its principals and agents, "made false representations of material fact" regarding the conditions of the premises, the criminal activity on the premises, and the investigations being made by the City of Norfolk. *See* Motion, p. 14. They have alleged that the misrepresentations were made "intentionally and knowingly" with an "intent to mislead," that Defendants relied on those statements, and that they suffered damage as a result. *See* Motion, pp. 15-17. Defendants have alleged the required elements of fraud, and the issue of proof by clear and convincing evidence is one properly reserved for trial. Defendants have set forth causes of action for actual fraud, constructive fraud, and fraudulent concealment.

In order to make out a claim for constructive fraud, Defendants must show that the Plaintiffs concealed a material fact knowing that Defendants were acting on the assumption that the fact did not exist. *See Anderson, supra*, at 29. The claims of constructive fraud and fraudulent concealment set forth by Defendants appear to be the same; in any event, Defendants have sufficiently alleged what is required to sustain a claim for constructive fraud. Defendants have alleged that RAJ "deliberately failed to disclose material facts to Defendants" including information regarding the criminal activity on the premises and the investigations made by law enforcement personnel. *See* Motion, p. 24. Defendants also allege that they assumed a distinctly different set of facts and contracted to purchase the hotel based upon those erroneously assumed facts. *See* Motion, pp. 27-31. These allegations are sufficiently clear to allege constructive fraud.

Defendants also attempt to avoid liability on the theory that the Guarantors of the promissory notes, Gary Patel, Kanak, and Kuber, are not bound by the Confession of Judgment provision found in the notes themselves. Defendants claim that since the Confession provision did not actually appear in the Guaranty signed by the Guarantors, it cannot bind them. *See* Motion, pp. 4-7. In support of this contention, Defendants cite in their brief Va. Code § 8.01-435, which specifies the procedure to be followed in

confessing judgments. In order for a judgment properly to be taken as confessed, the debtor must properly authorize an attorney-in-fact through a note or bond. *See id.* The authorization must be formally executed as a deed would be, acknowledged by a notary or other officer. *See* Va. Code § 8.01-435.

At this juncture, it appears Defendants authorized an attorney-in-fact through the note and the Guaranty, thereby giving the court jurisdiction to enter judgment. The notes signed by the makers contained a valid confession of judgment clause, and were signed by all three guarantors "personally guaranteeing payment." Additionally, the language of the Guaranty itself, signed by the Guarantors and expressly assented to by them, acknowledges that the Guarantors agreed to pay "including, without limitation, the Note, as and when the same becomes due and payable, whether by acceleration or otherwise, in accordance with the terms of any such debts, obligations, or agreements evidencing any such indebtedness or liability. . . ." *See* Guaranty Agreement at 1-2. The Guaranty agreement was also notarized, as were the promissory notes, fulfilling the requirement that an attorney-in-fact be authorized in the presence of an official. *See id.*

Through the Guaranty, it appears the Guarantors agreed to become liable for the debt of the makers under the terms of the notes. Since the notes included a valid Confession of Judgment clause, Defendants are bound by such clause just as they would be bound by any other terms of the notes. *See Key Bank & Trust v. Myers*, 49 Va. Cir. 70 (Fairfax County 1999).[2] This proposition has been stated by the Virginia Supreme Court. *See Barrett v. Vaughan & Co.*, 163 Va. 811, 178 S.E. 64 (1935) (discussing that a Guarantor's voluntary acceptance of an obligation necessarily includes all provisions found in a negotiable instrument, when the Guaranty states the Guarantor will be bound by "all the provisions" of the instrument). The Guarantors' signing of the Guaranty, assenting to be bound by the terms of the Note, constitutes a valid authorization of the attorney-in-fact named in the notes. Additionally, Defendants cannot claim that they were unaware of the provision and did not assent to it, since the notes were signed by all three Guarantors. Therefore, the Confession of Judgment provision is valid as

---

[2] In *Myers*, the Fairfax County Circuit Court analyzed a claim factually identical to the Defendants, brought by a guarantor. The court determined that since the guarantor had agreed to be bound by "the performance of all the terms and conditions of the Note," when the note included a valid confession of judgment clause, the guarantor was bound by a confessed judgment on the note. *See Myers* at 72.

against all three Guarantor Defendants, and the judgment should not be set aside on that ground.

The issue of improper service of the order confessing judgment under Va. Code § 8.01-438 and the required notice under Va. Code § 8.01-433 as to all of the Defendants has been waived in argument by counsel for the Defendants.

For the reasons set forth above, each of the confessed judgments is set aside and each of the above-captioned cases shall be placed on the trial docket of this Court and the proceedings thereon shall be as if actions at law had been instituted upon the notes upon which the judgment was confessed.

Counsel for the Defendants will please prepare a draft of an order in accordance with the preceding paragraph and § 8.01-433 of the Code of Virginia.