60

## CIRCUIT COURT OF FAIRFAX COUNTY

Azmat Ali

v.

TeleScience
International, Inc., et al.

February 5, 2004

Case No. (Law) 218574

BY JUDGE R. TERRENCE NEY

This matter came before the Court on January 9, 2004, pursuant to Defendants TeleScience International, Inc. ("TeleScience"), Dr. Brajnandan Sahay, and Mrs. Rupa Sahay's (collectively "Sahay") Motion to Set Aside the Confessed Judgment entered against them in favor of the Plaintiff, Azmat Ali on November 10, 2003.

*Facts*

In the Spring of 2003, TeleScience and Sahay entered into a Settlement Agreement with Ali to settle various disputes between the parties. As part of this Settlement Agreement, Sahay executed a Promissory Note with Ali in May 2003. The Note contained a Confession of Judgment provision.

The principle amount of the Note was for $1,050,000 and required bi-monthly payments in equal installments of $12,500 to Ali, subject to the terms of the Note[1] and Settlement Agreement. Defendant's Motion to Set Aside Confession of Judgment, Exhibit 1. The bi-monthly payments were to be paid on the first and sixteenth day of each month. Defendant's Motion to Set Aside Confession of Judgment, Exhibit 2, ¶ 2. Default occurred if "any payment is not made within fifteen days after such payment is due." *Id*. at ¶ 6.

---

[1] Defendant's Motion to Set Aside Confession of Judgment, Exhibit 2.

Section 4 of the Settlement Agreement provided, however, that "if TeleScience is sold to, or acquired by, a third party prior to the satisfaction of the Note, the balance due on the Note at the time of the sale or acquisition shall be paid in full from the proceeds that [Sahay] receives from the sale or acquisition." Defendant's Motion to Set Aside Confession of Judgment, Exhibit 1, ¶ 4.

Section 5 of the Settlement Agreement further provided that, "in the event that Sahay transfers for value any shares of Telescience, which shares he currently owns, a portion of the proceeds shall be paid to Ali to reduce the indebtedness reflected in the Note." *Id.* at ¶ 5.

On September 25, 2003, TeleScience entered into a share exchange agreement with Medical Staffing Solutions, Inc. ("MSSI"), whereby MSSI purchased all of TeleScience's outstanding stock, which was owned by Sahay, in exchange for shares of MSSI stock. There were no cash proceeds from the sale.

Thereafter, although Sahay made the October 1, 2003, payment, he failed to make any further payments due under the Note. On November 10, 2003, Sahay tendered a stock certificate to Ali for 2,655,678 shares of MSSI stock, which, according to Sahay, represented the "proceeds" received by Sahay in exchange for the TeleScience stock. Sahay further asserted that the share exchange with MSSI triggered Sections 4 and 5 of the Settlement Agreement and that the value of the Stock Certificate tendered to Ali satisfied the outstanding balance on the Note.

Ali refused to accept the tender of the MSSI stock certificate.

According to Ali, Sahay's repeated failure to make the payments due under the Note constituted default. In addition, Ali argues that the transfer of the MSSI stock is not "proceeds" under the Settlement Agreement, by which Sahay could satisfy their obligations due under the Note.[2] Ali specifically alleges that the term "proceeds" as used in the Settlement Agreement means *cash* proceeds.

Finally, Ali contends that under the default provision of the Note, he is under no obligation to accept the Stock Certificate. According to Ali, because Sahay has defaulted on the payments, and because he is under no obligation to accept the Stock Certificate in satisfaction of Sahay's debt, he is entitled to a Confession of Judgment.

On November 11, 2003, Ali Confessed Judgment against Sahay for

---

[2]Plaintiff alleges that the stock is worthless, and thus cannot satisfy Defendants' obligations under the Note. However, this opinion is concerned with whether the Defendants have demonstrated a colorable defense to Mr. Ali's Confession of Judgment. Whether, the stock indeed does have value and can satisfy Defendants' obligations under the note, is a question best left decided on the merits.

$851,875.00, with interest at 12% from October 16, 2003.

On December 1, 2003, Sahay filed a Motion to Set Aside the Confession of Judgment, asserting that the share exchange triggered Sections 4 and 5 of the Settlement agreement, that the term "proceeds" encompasses more that just cash proceeds, and that the Stock Certificate tendered to Ali satisfies the obligations under the Note.

## Analysis

The only issue presented is whether Sahay has presented a colorable defense to the Confession of Judgment.

Section 8.01-433 of the Virginia Code provides that a Confession of Judgment "may be set aside or reduced ... on any ground which would have been an adequate defense or setoff in an action at law instituted upon the judgment creditor's note ... upon which such judgment was confessed." Furthermore, the merits of the defense "are not at issue in the motion to set aside a confessed judgment; rather § 8.01-433 is invoked if 'the pleadings on their face assert an adequate defense'." *FBW Bank v. R.S.Q.*, 31 Va. Cir. 74 (1993) (quoting *NationsBank v. Sarelson*, 31 Va. Cir. 544 (1992)).

The term "proceeds" is defined several times in the Virginia Code and is not necessarily limited to cash proceeds. For example, § 8.9A-102(a)(64) of the Code defines "proceeds" as "whatever is acquired upon the sale, lease, license, exchange, or other disposition of collateral. . . ." Additionally, § 8.9A-102(a)(9) and 8.9A-102(a)(58) of the Code define "cash proceeds" and "noncash proceeds" separately, "noncash proceeds" being defined as "proceeds other than cash proceeds."

Applying these definitions here, the term "proceeds" as used in Sections 4 and 5 of the Settlement Agreement does not necessarily require Sahay to tender cash to satisfy the obligations under the Note.[3] It may or it may not.

Here, Sahay asserts that he offered Ali a stock certificate for 2,655,678 shares of MSSI stock, the "proceeds" Sahay received in exchange for all of the TeleScience stock. If the term "proceeds" as used in the Settlement Agreement does not require cash proceeds, then the tendering of the MSSI stock would fulfill Sahay's obligation under the Note.

How the parties actually define "proceeds" in the Settlement Agreement is

---

[3]How the parties actually defined "proceeds" as part of their Settlement Agreement is better left decided on an evaluation of the merits of the case. What is important here, when evaluating the Motion to Set Aside the Confession of Judgment under Va. Code § 8.3A-603(b), is that the MSSI Stock tendered does fall within the definition of "proceeds."

not at issue in this motion. The question is whether the term is sufficiently ambiguous so as to leave its definition subject to debate. Several definitions of "proceeds" in the Virginia Code do not limit the term to "cash" proceeds.

The Court finds that the term "proceeds" as used in the Note may not necessarily be limited to cash proceeds and may include the stock received in exchange for the TeleScience stock. The Court makes no substantive ruling on this issue. Given the ambiguity surrounding the term "proceeds," in conjunction with the severity of the remedy of a Confessed Judgment, setting aside the Confessed Judgment here is warranted. Simply put, the Defendants have presented an adequate defense.

## Conclusion

For these reasons, the Defendants' Motion to Set Aside Confession of Judgment is granted. Plaintiff is given twenty-one days in which to file a Motion for Judgment and Defendants twenty-one days therefrom in which to respond.

## Order

This matter came before the Court on January 9, 2004, pursuant to Defendants TeleScience International, Inc., Dr. Brajnandan Sahay, and Ms. Rupa Sahay's Motion to Set Aside the Confession of Judgment entered on November 10, 2003. For the reasons stated in this Court's opinion letter dated February 5, 2004, which is attached hereto and made a part hereof, it is hereby ordered that the Motion to Set Aside the Confession of Judgment is granted. The Court notes the Plaintiff's exceptions to this Order.