# CIRCUIT COURT OF FAIRFAX COUNTY

Fru-Con Construction Corp.

v.

Araujo Construction Co., Inc., et al.

February 18, 2009

Case No. CL 2008-12327

BY JUDGE RANDY I. BELLOWS

On October 14, 2008, Defendants, Araujo Construction Co., Inc., Hector A. Araujo, Jr., and Jose Araujo, filed a Motion to Set Aside Confessed Judgment. After hearing arguments by the parties on November 14, 2008, the Court granted the motion based on a defense of fraud made by Defendants. On December 2, 2008, Plaintiff, Fru-Con Construction Corporation, filed a Motion for Reconsideration of the Court's ruling. Pursuant to an order entered on December 5, 2008, Defendants filed a response to the motion for reconsideration, addressing the sufficiency of their fraud defense. Having considered the Motion for Reconsideration, Memorandum in Support of Motion for Reconsideration, and Defendants' Memorandum of Law in Support of their Opposition to Fru-Con Construction Corp.'s Motion for Reconsideration, and for the reasons stated below, the motion is denied.

*Background*

Plaintiff, a general contractor, and Defendants, a sub-contractor and its owners, have worked together on several projects. (Fru-Con Construction Corp.'s Opp'n to Def.'s Mot. to Set Aside Confessed J. 2.) This dispute revolves around a Settlement Agreement and a Promissory Note and Confessed Judgment, where Defendants promised to pay Plaintiff $1.2 million. (Opp'n to Def.'s Mot. 3.) This debt is partially based upon Plaintiff's representations that Defendants owed Plaintiff $400,000.00 for materials that Plaintiff had paid on Defendants' behalf. (Mem. Law Supp. Def.'s Mot. to Set Aside Confessed J. 2.) According to Defendants, the invoices documenting this debt were numerous and contained in a large binder. Defendants assert that, because of time pressures during the negotiation of these agreements, they agreed to execute the contracts, as long as Plaintiff provided them access to the invoices at a later date. (Mem. Supp. Def.'s Mot. 2-3.) Further, despite Plaintiff's promise at the time the contracts were executed, Plaintiff has never provided the invoices to Defendants for their review. In an effort to set aside the confessed judgment, Defendants now assert that Plaintiff made "fraudulent misrepresentations of [the] debt." (Mot. to Set Aside Confessed J. 28.) Finally, Defendants assert that "[g]iven the amount of time that has passed, the amount of payments made, and the amount of discrepancies found in the purported '[u]npaid [i]nvoices' sent to the [Defendants] by [Plaintiff], the [Defendants] can only assume that there is a malevolent reason for the continued failure to provide the aforementioned invoices for review." (Mem. Supp. Def.'s Mot. 10.) Paragraph 11 of the Settlement Agreement provides:

> [t]he parties hereby expressly represent and warrant to each other that . . . they have entered into this Agreement voluntarily, with proper authority, and without any reservation. The parties acknowledge that the only consideration for this Agreement is expressly set forth within this Agreement and no further inducements or representations have been exchanged in connection herewith. The parties further hereby acknowledge that each of them has had adequate time to reflect upon, consider, and consult with legal counsel concerning the terms of this Agreement. The parties further agree that neither this Agreement, the Judgment Agreement and Note, the Joint Check Agreement, nor the settlement set forth herein is the result of fraud, duress, coercion, or undue influence on the part of any party or its counsel.

*Analysis*

In support of its motion for reconsideration, Plaintiff makes several arguments. First, Plaintiff argues that, because Paragraph 11 of the Settlement Agreement upon which the Confessed Judgment was based states that there was no fraud in forming the agreement, Defendant cannot now assert a defense of fraud. While the Court agrees that it must give meaning to all provisions in the contract, the provision providing that the agreement is not a result of fraud may only logically be interpreted as a statement by the parties that they have not committed fraud in their dealings with the other party and that do not feel that they are signing the agreement under duress. Plaintiff cites *Eggleston v. Crump*, 150 Va. 414, 143 S.E. 688 (1928), and *Snyder Falkinham v. Stockburger*, 249 Va. 376, 457 S.E.2d 36 (1995), to argue that settlements should not be set aside unless sufficient evidence is presented to the Court. However, these cases are distinguishable from the present matter because they do not involve confessed judgments governed by Virginia Code Ann. §§ 8.01-432, 8.01-433 (2007). Clearly, if Defendants believed that Plaintiff was defrauding them, they would not have entered into the contract.

Further, *J. E. Robert Co. v. J. Robert Co.*, held that a merger clause did not bar the admission of parol evidence upon an issue that the contract was otherwise silent. 231 Va. 338, 342, 343 S.E.2d 350 (1986) (citing *Shevel's, Inc. v. Southeastern Assoc.*, 228 Va. 175, 182, 320 S.E.2d 339 (1984)). Additionally, fraud in the inducement stands as an exception to the parol evidence rule. *Id.* at 343. Therefore, Defendants are not barred from alleging that the contract was induced by fraudulent representations by Plaintiff regarding whether Plaintiff intended to provide the invoices to Defendants.

Second, Plaintiff alleges that Defendants' allegation of fraud goes to the Settlement Agreement, rather than the Promissory Note and Confessed Judgment Agreement, which Defendants' sought to have set aside. Virginia Code Ann. § 8.01-433 (2007) provides that a Confessed Judgment may be set aside if the Judgment Debtor alleges any defense "which would have been an adequate defense or setoff in an action at law instituted upon the judgment creditor's note." The Promissory Note and Confessed Judgment Agreement specifically states that "[t]he Settlement Agreement is incorporated herein by reference." Therefore, any defense to the Settlement Agreement would be a defense against the Promissory Note and Confessed Judgment Agreement.

Plaintiff also notes that Defendants made payments to Plaintiff for ten months and did not assert the fraud claim until Plaintiff confessed judgment against Defendants. Plaintiff argues that, for this reason, the fraud claim must

be made on the Settlement Agreement, rather than the Promissory Note. However, as stated above, the Settlement Agreement was incorporated into the Promissory Note. Therefore, a defense against the Settlement Agreement may also be a defense against the Promissory Note.

Third, Plaintiff argues that Defendant has failed to present sufficient evidence to support its claim of fraud and the Court has reversed the burden of proof required by Virginia Code Ann. § 8.01-432 (2007). Section 8.01-432 provides that a confessed "judgment shall be as final and as binding as though confessed in open court or rendered by the court. . . ." However, as noted above, § 8.01-433 allows a confessed judgment to be set aside if the judgment debtor alleges any defense that would have been "adequate . . . in an action at law instituted upon the judgment creditor's note." *FWB Bank v. R.S.Q. Assocs.*, held that "[t]he merits of the defense are not at issue in the motion to set aside a confessed judgment; rather § 8.01-433 is invoked if the pleadings on their face assert an adequate defense." 31 Va. Cir. 74, 75 (1993) (quoting *NationsBank v. Sarelson*, 31 Va. Cir. 544 (1992)); *see also Ali v. TeleScience International, Inc.*, 64 Va. Cir. 60, 62 (2004). Plaintiff cites to *Trimark Partners, L.L.C. v. HST, L.L.C.*, 39 Va. Cir. 415 (1996), which held that a confessed judgment may only be set aside if the judgment debtor "allege[s] and present[s] sufficient evidence to establish a basis for a reasonable trier of fact to find an adequate defense to plaintiff's claim." However, this Court is persuaded that the decisions in *FWB Bank v. R.S.Q. Assocs., NationsBank v. Sarelson*, and *Ali v. TeleScience International, Inc.*, comport better with the plain language of Virginia Code Ann. § 8.01-433 (2007). Therefore, so long as Defendants sufficiently pleaded the elements of fraud, the confessed judgment may be set aside.

Plaintiff also argues that the policy behind Virginia Code Ann. § 8.01-432 is defeated by allowing the Defendants to avoid a confessed judgment by simply asserting a defense unsupported by corroborating evidence. However, Plaintiff's policy argument does not persuade the Court to ignore the plain language of Virginia Code Ann. § 8.01-433.

Finally, Plaintiff argues that Defendants failed to sufficiently plead the elements of fraud because Defendants' motion to set aside the confessed judgment does not assert that Plaintiff ever made a material misrepresentation. However, a careful reading of Defendants' motion reveals an allegation that Plaintiff did make a material misrepresentation to Defendants. Defendants assert that they entered into the contracts at issue in this case based upon Plaintiff's promise that, at a future date, Defendants would have the opportunity to review the invoices documenting the debt Defendants owed to Plaintiff. Defendants state that Plaintiff has refused to provide those invoices

to Defendants. As discussed above, while evidence concerning a promise to review the invoices at a later time is parol evidence, *George Robberecht Seafood, Inc. v. Maitland Bros. Co.* holds that fraud in the inducement provides an exception to the parol evidence rule. 220 Va. 109, 112, 255 S.E.2d 682 (1979). Defendants argue that "[g]iven the amount of time that has passed, the amount of payments made, and the amount of discrepancies found in the purported [u]npaid [i]nvoices sent to the [Defendants] by [Plaintiff], the [Defendants] can only assume that there is a malevolent reason for the continued failure to provide the aforementioned invoices for review." (Mem. Supp. Def's Mot. Set Aside Confessed J. 10.) A promise made to perform a future act, while manifesting the intent not to actually perform that act, constitutes a misrepresentation. *See Colonial Ford Truck Sales, Inc. v. Schneider*, 228 Va. 671, 677, 325 S.E.2d 91 (1985). In this case, Plaintiff's alleged misrepresentation regarding whether it intended to produce the invoices was material because it induced Defendants to enter into these contracts. Thus, Plaintiff's argument that Defendants' motion does not allege a material misrepresentation fails, and Plaintiff's motion for reconsideration is denied.