# CIRCUIT COURT OF THE CITY OF RICHMOND

Wachovia Bank, N.A.

v.

Altaf A. Ladhani et al.

January 12, 2010

Case Nos. CL09-4843-2, CL09-4844-3

BY JUDGE ALFRED D. SWERSKY

This matter is before the court on defendants' objections to the confessed judgments filed by complainant on October 27, 2009. For reasons that follow, the objections will be granted in part and overruled in part.

Defendants, in their objections, raise seven defenses to the confessed judgments including violation of the Equal Credit Opportunity Act, 15 U.S.C. § 1691, et seq., as to defendant Farahnaaz Kanfi, improper acceleration of the notes, double recovery, unenforceable penalty, failure to mitigate damages, lack of notice, and a request for an accounting.

Complainant argues that the defendants are required to present evidence in support of the claimed defenses; however, in the alternative, Wachovia argues that the defenses are without factual allegations to support them and that, since the burden of proof rests on the defendants, their objections should be overruled.

The statute, Va. Code § 8.01-433, provides that a confessed judgment may be set aside where defendant raises "any ground which would have been an adequate defense or setoff in an action at law instituted upon the creditor's note upon which such judgment was confessed." No procedure is set forth for the court's making such a determination, and no appellate case is found setting forth a procedure.

38

The circuit courts that have dealt with the issue have concluded that no evidentiary hearing is needed and it is sufficient if the pleadings "on their face assert an adequate defense." *NationsBank v. Sarelson,* 31 Va. Cir. 544, 1992 Va. Cir. LEXIS 124 (1992). The merits of the defenses are not at issue in the motion to set aside a confessed judgment if the pleadings on their face assert an adequate defense. *FWB Bank v. R.S.Q. Assoc.,* 31 Va. Cir. 74, 1993 Va. Cir. LEXIS 168 (1993). In *Ali v. Tele Science Int., Inc.,* 64 Va. Cir. 60, 2004 Va. Cir. LEXIS 16 (2004), the court stated that the issue was whether the defendant has presented "a colorable defense to the Confession of Judgment."

Applying this test, based on the pleadings, the memoranda, and the proffers of counsel, the court finds that the claimed violation of the Equal Credit Opportunity Act as to defendant Farahnaaz and the defenses of double recovery and unenforceable penalty as to all defendants are colorable; that is, on their face, they present what would be an adequate defense in an action at law instituted by the creditor. The remaining defenses asserted are stricken and defendants' objections to the confessed judgment are overruled on those bases.

In order to facilitate this matter, defendants will file within twenty-one days of the entry of an order a bill of particulars, alleging the factual bases of the defenses. Complainant, within twenty-one days of being served with the bill of particulars, will file such appropriate response as it sees fit.