## CIRCUIT COURT OF FAIRFAX COUNTY

Craig Boothe et al.

 v.

First Virginia Community Bank

   Case No. (Law) 2011-618

Vaughan W. Butts et al.

 v.

First Virginia Community Bank

   Case No. (Law) 2011-426

First Virginia Community Bank

 v.

Craig A. Boothe et al.

   Case No. (Law) 2010-16855

   April 8, 2011

BY JUDGE R. TERRENCE NEY

This matter came before the Court on February 4, 2011. After considering the pleadings, memoranda, and arguments of counsel, the Court took the matter under advisement. The following embodies the Court's ruling.

*Facts*

On May 27, 2009, The Sports Booth, L.L.C. (the "Borrower") entered into two loan agreements with First Virginia Community Bank

("Bank"). The first and only loan relevant to this case was a Line of Credit in the form of a Promissory Note ("Note"). The Note was in the principal amount of $300,000.00. The obligation of the Borrower to repay the loan was evidenced by the Note, executed solely by the Borrower.

The loans were induced by the agreement of the Defendants ("Guarantors") through separate Commercial Guaranty Agreements ("Guaranty" or "Guaranties"). Although each Guaranty identifies the Note as evidence of the Line of Credit loan, the terms of the Note are not incorporated therein. The Guaranties, though, do contain confession of judgment clauses. The sole parties to the Guaranties are the Bank and the Guarantors.

The Note was initially due to be repaid in full on or before May 27, 2010. At the request of the Borrower, the term of the Line of Credit was extended to August 27, 2010, through a Change in Terms Agreement ("Agreement"). In addition to the Guarantors, the Line of Credit loan was further guaranteed by four other individuals who, initially and separately, negotiated with the Bank to provide a limited guaranty of up to $400,000.00.

On December 1, 2010, the Bank confessed judgment against the Guarantors in the Clerk's Office of the Fairfax County Circuit Court.

Within twenty-one days, the Guarantors moved to have the confessions of judgment set aside based upon both substantive and procedural defenses.

## Analysis

The issue before the court is whether the failure by the creditor's attorney-in-fact to follow the steps for confessing judgment as prescribed in the guaranty agreement renders the confession of judgment void?

A. *Confession of Judgment*

Virginia Code § 8.01-432 states that:

Any person being indebted to another person, or any attorney-in-fact pursuant to a power of attorney, may at any time confess judgment in the clerk's office of any circuit court in this Commonwealth, whether a suit, motion, or action be pending therefor or not, for only such principal and interest as his creditor may be willing to accept a judgment for, which judgment, when so confessed, shall be forthwith entered of record by the clerk in whose office it is confessed, in the proper order book of his court. Such judgment shall be as final and as binding as though confessed in open court or rendered

by the court, subject to the control of the court in the clerk's office of which the same shall have been confessed.

Here, the Guaranties contain a confession of judgment provision, which states:

> Upon a default in payment of the Indebtedness at maturity, whether by acceleration or otherwise, Guarantor hereby irrevocably authorizes and empowers Neil I. Title and B. Todd Dempsey as Guarantor's attorney-in-fact to appear in the Fairfax County or Arlington County clerk's office and to confess judgment against Guarantor for the unpaid amount of this Guaranty *as evidenced by an affidavit* signed by an officer of Lender setting forth the amount then due, attorneys' fees plus costs of suit, and to release all errors, and waive all rights of appeal. If a copy of this Guaranty, *verified by an affidavit*, shall have been filed in the proceeding, it will not be necessary to file the original as a warrant of attorney. Guarantor waives the right to any stay of execution and the benefit of all exemption laws now or hereafter in effect. No single exercise of the foregoing warrant and power to confess judgment will be deemed to exhaust the power, whether or not any such exercise shall be held by any court to be invalid, voidable, or void; but the power will continue undiminished and may be exercised from time to time as Lender may elect until all amounts owing on this Guaranty have been paid in full.

(emphasis added).

### B. *Setting Aside a Confession of Judgment*

Virginia Code § 8.01-433 states that:

> Any judgment confessed under the provisions of § 8.01-432 may be set aside or reduced upon motion of the judgment debtor made within twenty-one days following notice to him that such judgment has been entered against him, and after twenty-one days notice to the judgment creditor or creditors for whom the judgment was confessed, on any ground which would have been an adequate defense or setoff in an action at law instituted upon the judgment creditor's note, bond, or other evidence of debt upon which such judgment was confessed.

*C. Because an Affidavit Was Not Filed Simultaneously with the Confession of Judgment, a Procedural Defense Has Been Raised and the Confession of Judgment Must Be Set Aside*

Whether the Guarantors have alleged a colorable defense on the merits is a separate issue not addressed here.

It is well-settled that the statutes authorizing a party to confess judgment on behalf of another require strict compliance. *See, e.g., Benton Land Fund v. NVMercure, Ltd. Partnership*, 849 F. Supp. 1123, 1126-27 (E.D. Va. 1994). Moreover, powers of attorney have been strictly construed for over a century. *Jones v. Brandt*, 274 Va. 131, 137, 645 S.E.2d 312, 315 (2007) (internal citations omitted). "The authority granted by such an instrument is never considered to be greater than that warranted by its language, or indispensable to the effective operation of the authority granted. The authority given is not extended beyond the terms in which it is expressed." *Id.*

The court in *Jones v. Brandt* went on to note that "[t]he policy that supports this rule of construction is that the power to dispose of the principal's property is so susceptible of abuse that the power should not be implied." *Id.*

In *Bank of Marion v. F. L. Spence & J. L. Ward, Executors*, the Virginia Supreme Court examined a confession of judgment clause contained within a power of attorney that allowed the agent to confess judgment "in any court of record (having jurisdiction of the amount) *at any term* of such court." 155 Va. 51, 54, 154 S.E. 488, 489 (1930) (emphasis added). The agent confessed judgment before the clerk of the court during "the vacation" of the court. The Supreme Court held that the language of the power of attorney was plain and unambiguous. *Id.* The Court stated that:

> An act done by an attorney in fact which is not authorized by the power under which he acts is a nullity. There being no doubt that [the attorney-in-fact] confessed the judgment before the clerk, in vacation, instead of in a court of record at a term of such court as he was directed to do, this renders the judgment void. He did not follow the express terms of the power which had been conferred on him.

*Id.* at 53-54, 154 S.E.2d at 489.

Here, the Guaranties required that the attorney-in-fact confess judgment for the unpaid amount of the Guaranty "as *evidenced by an affidavit* signed by an officer of Lender, setting forth the amount then due, attorneys' fees plus costs of suit, and to release all errors, and waive all

rights of appeal." No affidavit was filed at the time of the confession of judgment.

According to *Black's Law Dictionary*, "evidence" is defined as "something (including testimony, documents, and tangible objects) that tends to prove or disprove the existence of an alleged fact." *Black's Law Dictionary* 712 (7th ed. 1999). "Evidenced" according to *Webster's Dictionary*, means "to offer evidence of, prove." *Webster's Dictionary* 423 (9th ed. 1989).

The language of the guaranty is clear; the judgment was to be *"evidenced by"* an affidavit. This affidavit was meant to "prove the existence of an alleged fact," namely, that the amount confessed against the Guarantors is the amount justly owed.

No affidavit was filed at the time the judgment was confessed.

The Bank argues that there is no requirement that an affidavit be filed with the court. It asserts that the attorney-in-fact alone should have the benefit of an affidavit from an officer of the Bank to which it could determine the amount of judgment to be confessed.

The plain language of the Guaranty does not support such a reading. The language of the Guaranty as to the power of the attorney-in-fact to confess judgment is clear and unequivocal. An affidavit had to be filed simultaneously with the confession of judgment. Here, the attorney-in-fact did not follow the express language of the terms of the power given. As a result, the confessed judgment is a nullity.

## Conclusion

Because the holder of the power of attorney exceeded his rights under the terms of the Guaranty, namely, that he failed to file an affidavit with the confession of judgment, the confession of judgment is set aside.